## CLYDE V. BRUMMELL *v.* DEPARTMENT OF REVENUE

Alexander Schneider, Eva & Schneider, Attorneys at Law, Portland, represented plaintiff.

Harvey C. Barragar, King, Miller, Anderson, Nash & Yerke, Portland, represented taxpayer Portland Center Development Co.

Alfred B. Thomas, Assistant Attorney General, Salem, represented defendant.

Decision for intervenor taxpayer rendered September 28, 1970.

CARLISLE B. ROBERTS, Judge.

The Portland Center Development Company appealed to the Department of Revenue from an order of the Multnomah County Board of Equalization concerning certain 1968 real property assessments relating to improvements on Tax Lots 7, 8, 9 and 10 of Lot 2, Block A, and Tax Lots 2 and 3 of Lot 2, Block B of the South Auditorium Addition, City of Portland, county of Multnomah, State of Oregon. The opinion and order in that administrative appeal, No. VL 70-113, is the subject of an appeal now pending in this court entitled *Multnomah County v. Department of Revenue*, Tax Court No. 516.

Acting independently, Mr. Clyde V. Brummell, describing himself as a citizen and resident of Multnomah County and the owner of real property located therein, on his own behalf "and in behalf of other taxpayers of Multnomah County, Oregon, similarly situated," has filed a complaint in this court, relating to precisely the same properties and praying for the same decree as in the complaint filed by Multnomah County in Tax Court No. 516. Thereupon the taxpayer, Portland Center Development Co., demurred to the plaintiff's complaint on the grounds that it failed to state a cause of action in that it does not allege facts indicating that the plaintiff has standing to appeal the opinion and order (No. VL 70-113) of the Department of Revenue.

■ Any person, *sui juris*, can file a complaint in the Oregon Tax Court. However, since the Portland Center Development Company, not Mr. Brummell, is the taxpayer under order No. VL 70-113, Portland Center has a statutory right to intervene pursuant to ORS 306.545:

"(3) In any case in which the taxpayer is not

the appealing party, he shall have the right to appear and be heard. The Oregon Tax Court, in its discretion, may permit other interested persons to intervene by filing a complaint in such manner and under such conditions as the court may deem appropriate."

The language of this statute makes clear that the taxpayer is entitled to appear as a party without a prior motion or permission of the court. The court would not deny Portland Center's right to demur. *Strawn v. Commission*, 1 OTR 98, 107 (1963); *affirmed as modified*, 236 Or 299 (1964).

It has been suggested that the question of the plaintiff's standing can be challenged on either of two grounds: (1) Does the plaintiff qualify as a "taxpayer" as that term is used in ORS 306.545? (2) If the plaintiff is a "taxpayer," is he "aggrieved by and directly affected by an order of the Department of Revenue" as that phrase is used in subsection (1) of ORS 306.545?

Is the plaintiff a "taxpayer"? An examination of ORS 306.580 indicates that if the plaintiff has any remedy in the Tax Court, it must be found in ORS 306.545.

The first paragraph of ORS 306.545 states:

"*Any taxpayer*, county assessor, county board of equalization or county sheriff *aggrieved by and directly affected* by an order of the Department of Revenue may appeal to the Oregon Tax Court, and such appeal shall be perfected in the following manner only: * * *." (Emphasis added.)

Prima facie, the words "any taxpayer" would seem to include any person paying real or personal property taxes on account of the levies of the taxing district. Note must be taken that in subsection (1), the statute uses the words "the appealing party," encompassing

all of the persons designated in the paragraph quoted above. "Any" probably modifies the whole series; i.e., taxpayer, assessor, et al. Note that subsection (1) specifically provides:

> "* * * In any case in which *the taxpayer* is not the appealing party, a copy of the complaint shall be served upon him * * *." (Emphasis added.)

Again, in subsection (3), the language is used, "In any case in which *the taxpayer* is not the appealing party, he shall have the right to appear and be heard. * * *" (Emphasis added.)

■ The court finds it difficult to believe that the legislature anticipated the court's jurisdiction to turn on an interpretation of the subtleties of "any" as opposed to "the." It is patently absurd to expect certified copies of the complaint to be served upon "any taxpayer" or to allow "any" to intervene. It may be that "any" taxpayer may appeal, but he must be *"the"* taxpayer to be entitled to service or to intervene. However, this question need not be decided at this time. An examination of cases which consider the words "taxpayer * * * aggrieved by and directly affected," or words closely similar thereto, discussed in the following paragraphs, leads to the conclusion that the demurrer must be sustained because the plaintiff is not such a taxpayer.

The rule which this court believes must be followed is well expressed in *Nicholas v. Lawrence*, 161 Va 589, 171 SE 673 (1933). Under a Virginia statute, "any person who thinks himself aggrieved by any judgment * * * may present a petition for appeal * * *." The court held that in order for a party to be aggrieved, it

must affirmatively appear that he had some direct interest in the subject matter of the proceeding.

> "Any indirect interest they may have had solely as residents and taxpayers is not sufficient to make them proper parties to such proceeding, and they could not be aggrieved by the judgment rendered therein.
>
> "* * * [I]t is not sufficient that the interest of such a petitioner is merely that of any other taxpayer or resident, but it must be shown that the petitioner is aggrieved in some manner peculiar unto himself, aside and apart from that of other taxpayers and residents." (161 Va 592–593.)

See also *Mundis v. Kelchner*, 237 Mo 805, 176 SW2d 535 (1943), *Kenney v. Hickey*, 60 Nev 187, 105 P2d 192 (1940), *In re Muskogee Gas & Electric Co.*, 83 Okla 167, 201 P 358 (1921), *In re Stewart Bros.*, 53 Okla 153, 155 P 1124 (1916).

■ The plaintiff is to be commended for his interest in good tax administration. However, it would appear that his interests, as one of the great body of taxpayers, are being adequately protected by the proper officials of Multnomah County who are presently before the court in a suit brought by them on exactly the issue raised by the plaintiff, as above described. In this situation, even without the statute, there is a policy stated in *Mitchell v. City of Nogales*, 83 Ariz 328, 320 P2d 955, 957 (1958), which should be observed:

> "There is good reason for allowing the city officer, whose statutory duty it is to file such suit upon demand of a taxpayer, to prosecute the suit to its determination. This makes for good administration and prevents vexatious lawsuits by those who might entertain some personal grievance, * * *."

The same court then quoted from *Williams v. Stallard*, 185 Ky 10, 213 SW 197, 199 (1919):

> " 'Any other rule would open the door of the courts to any over-officious citizen who might be dissatisfied with some lawful action of the fiscal court, or who might entertain a personal grievance or grudge against some member thereof, or against some officer or person affected, however groundless, to file unwarranted suits, resulting in an unnecessary loss of time to the officers of the county and also to the courts in disposing of the cases. It would also result in lending encouragement to one who is not vested with duties or discretion in such matters to substitute his judgment and discretion for that of those to whom the law has confided them.' " (83 Ariz 328, 320 P2d 955, 957–958.)

If the plaintiff has reason to believe that the proper officials of Multnomah County are not doing their duty, an extraordinary remedy is available to him. However, with the filing of *Multnomah County v. Department of Revenue,* 4 OTR 383 (1971), it would appear that the proper officials are taking the necessary steps to inquire into the merits of the Department of Revenue's order No. VL 70-113.

The demurrer is allowed and, for lack of a proper party plaintiff, the suit is dismissed. No costs to either party or intervenor.