Argued and submitted November 2, judgment of the Tax Court vacated and case remanded to the Tax Court with instructions to dismiss the appeal December 9, 1993

NORTHWEST ALLIANCE FOR
MARKET EQUALITY,
an unincorporated association,
*Appellant/Cross-Respondent,*

*v.*

DEPARTMENT OF REVENUE,
an agency of the State of Oregon,
*Respondent/Cross-Appellant,*

*and*

THE YOUNG MEN'S
CHRISTIAN ASSOCIATION
OF THE COLUMBIA-WILLAMETTE,
an Oregon non-profit corporation,
*Intervenor-Respondent/Cross-Appellant.*

(OTC 3236; SC S39926)

862 P2d 1300

Michael J. Morris, of Bennett & Hartman, Portland, argued the cause and filed the brief for appellant/cross-respondent Northwest Alliance for Market Equality.

Ted E. Barbera, Assistant Attorney General, Salem, argued the cause for respondent/cross-appellant Department of Revenue. With him on the briefs was Theodore R. Kulongoski, Attorney General, Salem.

Thomas H. Tongue, of Dunn, Carney, Allen, Higgins & Tongue, Portland, argued the cause for respondent/cross-appellant The Young Men's Christian Association of the Columbia-Willamette. With him on the briefs was Jeffrey F. Nudelman.

GRABER, J.

**GRABER, J.**

This is an ad valorem tax case, which we resolve on jurisdictional grounds.

The Multnomah County Division of Assessment and Taxation denied an application by the Young Men's Christian Association of the Columbia-Willamette (YMCA-CW) for an exemption from property taxes of its Metro Family YMCA facility, for tax years 1987-88 through 1990-91. YMCA-CW appealed to the Department of Revenue (Department). Several months later, the Northwest Alliance for Market Equality (NAME) asked to participate as a party in the appeal. NAME is an unincorporated association of privately owned, for-profit fitness clubs, including some that are Multnomah County taxpayers. The Department denied NAME's request to participate as a party but ruled that NAME could file *amicus* briefs before and after the hearing.

The Department held a three-day hearing. Representatives of NAME attended the hearing and submitted a post-hearing brief. Thereafter, the Department issued an opinion and order, affirming the denial of a property tax exemption for YMCA-CW's Metro Family YMCA facility for tax years 1987-88 and 1988-89, but granting a property tax exemption for tax years 1989-90 and 1990-91.

NAME filed a notice of appeal in the Oregon Tax Court, challenging the exemption granted to YMCA-CW for tax years 1989-90 and 1990-91. YMCA-CW intervened in NAME's appeal.

The Department and YMCA-CW filed motions to dismiss NAME's appeal for lack of standing. The Tax Court denied the motions. After considering the appeal on the merits, the Tax Court affirmed the Department's opinion and order and entered a judgment. *NW Alliance for Market Equality v. Dept. of Rev.*, 12 OTR 338 (1992).

NAME appealed to this court, seeking reversal of the Tax Court's judgment with respect to tax years 1989-90 and 1990-91. The Department cross-appealed on the ground that NAME had no standing to appeal to the Tax Court for judicial review of the Department's order and, consequently, that the Tax Court was without jurisdiction to consider the merits of

YMCA-CW's property tax exemption for tax years 1989-90 and 1990-91.

■     On the cross-appeal, we hold that NAME had no standing to appeal to the Tax Court. Accordingly, we do not reach the merits of the appeal. Rather, we vacate the judgment of the Tax Court and remand the case to the Tax Court with instructions to dismiss the appeal.

NAME argues that it had standing under ORS 305.570, which provides in part:

> "(1)   *Any taxpayer*, county assessor or county tax collector *aggrieved by and directly affected by an order of the Department of Revenue*, and any taxpayer whose property is affected by an order of the Department of Revenue made to a county assessor or county tax collector under the authority contained in ORS 306.115 [providing for the general supervisory power of the Department over the property tax system], may appeal to the Oregon Tax Court * * *.

> "(2)   A taxpayer or political subdivision affected by an order of the Department of Revenue authorized under ORS 305.620 [distribution of local income and sales taxes by agreement between state and local governments] may appeal to the Oregon Tax Court as provided in ORS 305.620." (Emphasis added.)

Because the Department has not raised the issue, we assume, without deciding, that an unincorporated association, some of whose members are Multnomah County taxpayers, but which is not itself a taxpayer, can appeal to the Oregon Tax Court as a "taxpayer" within the meaning of ORS 305.570(1). The question remains whether NAME – although neither a party in the Department's proceeding nor a taxpayer whose own property taxes were involved – nevertheless was "aggrieved by and directly affected by an order of the Department of Revenue." *Ibid*.

In analyzing the meaning of that statutory phrase, we search for the legislature's intent, and we begin by considering the text and context of the provision at issue. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993). When construing a statute, we are enjoined "not to insert what has been omitted, or to omit what has been inserted." ORS 174.010. Moreover, we adopt, if possible, a construction that will give effect to all provisions of a statute.

*Ibid.* Finally, "words of common usage typically should be given their plain, natural, and ordinary meaning." *PGE v. Bureau of Labor and Industries, supra,* 317 Or at 611.

ORS 305.570(1) requires these two things: the taxpayer must be "aggrieved"; *and* the taxpayer must be "*directly* affected by an order of the Department of Revenue." (Emphasis added.) The significance of the latter requirement is underscored by contrasting subsection (2) of the same statute, which requires that a taxpayer challenging a local tax distribution agreement need only be "affected" — not "directly affected" — by an order of the Department.

■ ORS 305.570(1) does not appear to use the term "directly" in any technical sense. "Directly" commonly means, among other things, "without any intervening space or time," "without divergence from the source or the original," "without any intervening agency or instrumentality or determining influence: without any intermediate step," "FACE-TO-FACE: in person," and "without a moment's delay: at once: IMMEDIATELY." Webster's Third New International Dictionary (unabridged) 641 (1976). One who is "directly affected by an order of the Department of Revenue," ORS 305.570(1), then, is one upon whom the Department's order has an immediate, personal effect without any intervening instrumentality or determining influence.

That interpretation is supported by analogous precedent. In *NW Medical Lab. v. Good Samaritan Hospital,* 309 Or 262, 267, 786 P2d 718 (1990), this court held that a plaintiff has "standing," in the context of an administrative appeal to the Department of Revenue, if the plaintiff meets the requirements of the applicable statute; there is no right of appeal in the absence of a statute. The court held that the plaintiff in that case had standing under a statute that is not at issue here and that does not contain the same wording as ORS 305.570(1). The opinion suggests, however, that taxpayers in the position of plaintiff's members would lack standing.

In *NW Medical Lab.,* the plaintiffs operated a medical laboratory for profit in Multnomah County. They obtained a peremptory writ of mandamus from the Tax Court

under ORS 311.215, ordering the Multnomah County Assessor to determine whether the real property of certain non-profit hospitals, which provided some of the same services as the plaintiffs, should be placed on the tax rolls. The assessor determined that the hospitals' property should not be included on the tax rolls. The plaintiffs appealed to the Department, to the Tax Court and, later, to this court. This court held that the plaintiffs had standing to bring those appeals, because they had first obtained a writ of mandamus under ORS 311.215. Concerning the standing to bring an appeal of one other than the taxpayer whose own property is involved, the court stated:

> "We emphasize that this ruling applies to a small class of cases, cases in which the claim is instituted by a taxpayer as a mandamus claim under ORS 311.215 to place omitted property on the tax roll, who obtains a peremptory writ and who later 'loses' when the assessor declines to place the property on the tax roll." 309 Or at 269.

Thus, *NW Medical Lab.* implies that, ordinarily, one other than the taxpayer whose own property is involved lacks standing to appeal a tax assessment to the Tax Court.

In *NW Medical Lab.*, this court also cited with approval the Tax Court's opinion in *Brummell v. Dept. of Rev.*, 4 OTR 168 (1970). *NW Medical Lab. v. Good Samaritan Hospital, supra,* 309 Or at 268 n 4. In *Brummell*, Multnomah County appealed to the Tax Court from an order of the Department of Revenue involving the assessed value of property owned by the Portland Center Development Company. Brummell, who was a resident of, and a taxpaying owner of property in, Multnomah County, filed a separate complaint relating to the same assessment and seeking the same relief as the county. Brummell alleged that he would have a higher tax burden as a result of the Department's ruling. Portland Center demurred to Brummell's complaint on the ground that he lacked standing to appeal the Department's order. The applicable statute, ORS 306.545, at that time contained the same key phrase as does ORS 305.570(1):

> "Any taxpayer, county assessor, county board of equalization or county sheriff *aggrieved by and directly affected by an order of the Department of Revenue* may appeal to the Oregon Tax Court * * *." (Emphasis added.)

The Tax Court agreed with Portland Center that, under that statute, Brummell lacked standing to appeal the Department's order. The court explained that, because it did not "affirmatively appear that [Brummell] had some direct interest in the subject matter of the proceeding," Brummell was not "aggrieved by and directly affected by an order of the Department of Revenue." *Brummell v. Dept. of Rev., supra*, 4 OTR at 171-72. For lack of a proper party plaintiff, the case was dismissed. *Id.* at 173.

In the present case, we note that NAME alleged in its complaint to the Tax Court only that it was "aggrieved by the decision of the Department of Revenue." NAME did not allege that it was "directly affected by an order of the Department of Revenue," although it argued before this court that its members were "directly affected" by the increased economic competitiveness of the Metro Family YMCA that, it asserted, will result from that facility's lower operating costs, which in turn will result from the property tax exemption. As demonstrated by *Brummell v. Dept. of Rev., supra*, that type of downstream economic impact is not enough to confer standing under a statute that requires "direct" effect. Although *Brummell* did not involve a business competitor, it did involve someone who allegedly was placed at a relative financial disadvantage because of someone else's lower property taxes.

The Department's order had an immediate, personal effect without any intervening instrumentality or determining influence — a direct effect — on YMCA-CW. The effect on NAME, however, was indirect. The Department's order had no immediate, personal effect on NAME or on any of its members; indeed, NAME's argument is based on the intervening instrumentality or intervening influence of economic competition that it expects to flow from reduced property taxes to be paid by YMCA-CW. It does not "affirmatively appear that [NAME or any of its members] had some direct interest in the subject matter of the proceeding." *Brummell v. Dept. of Rev., supra*, 4 OTR at 171-72.

In summary, NAME had no standing to appeal to the Tax Court under ORS 305.570(1). That being so, the Tax Court was without jurisdiction to consider the merits of the

property tax exemption granted to YMCA-CW for its Metro Family YMCA facility for tax years 1989-90 and 1990-91.

The judgment of the Tax Court is vacated, and the case is remanded to the Tax Court with instructions to dismiss the appeal.