COLUMBIA SUN, INC.,
John Betz,
and Universal Frozen Foods Company

*v.*

DEPARTMENT OF REVENUE

(TC 3537)

Steven H. Corey and Timothy O'Rourke, Corey, Byler, Rew, Lorenzen & Hojem, Pendleton, represented plaintiffs.

James J. McLaughlin, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered July 19, 1994.

**CARL N. BYERS, Judge.**

This matter is before the court on cross motions for summary judgment and defendant's Tax Court Rule (TCR)

21 motions. The underlying issue involves statutory construction of an enterprise zone property tax exemption. Defendant's TCR 21 motions raise a jurisdictional challenge, asserting that plaintiffs do not have standing to sue.

The facts are undisputed and relevant to all motions.

Columbia Sun, Inc. (Columbia), was formed in 1986 with John Betz and his wife as the sole shareholders. Columbia operated a potato processing plant in Hermiston, Oregon. It applied for and obtained an enterprise zone property tax exemption beginning with the 1988-89 tax year. On November 30, 1992, Columbia sold the plant to Universal Frozen Foods Company (Universal). On January 6, 1993, the Umatilla County Assessor wrote to John Betz at Columbia, indicating that when property is sold the owner must notify the assessor so the property may be disqualified and additional taxes assessed. On January 15, 1993, John Betz responded by letter, indicating he did not agree that the sale caused disqualification. On February 22, 1993, the assessor gave notice of disqualification, beginning with the 1993-94 tax year. The letter also stated:

"I suggest, Mr. Betz, since you disagree with this procedure that you file an appeal petition to the Oregon Department of Revenue. The forms are available from the Department of Revenue or at our office upon request."

On November 9, 1993, the assessor assessed additional taxes of $133,055.62, which were paid by Universal. Universal then billed John Betz, seeking reimbursement for the additional taxes under the sale contract. The additional taxes were paid by personal check, drawn on the account of John and Janet Betz, and signed by Janet Betz.

Department's Opinion and Order No. 93-1003 indicates that Columbia appealed to the Department of Revenue. However, defendant's motion asserts that John Betz also appealed.

Based on the above facts, defendant challenges the standing of all plaintiffs. Defendant seeks dismissal as to Universal on the ground that Universal did not exhaust its administrative remedies as required by ORS 305.275(4)

(1993). The court agrees and, as to Universal, defendant's motion to dismiss is granted.

Defendant's motions as to Columbia Sun and John Betz assert lack of standing because: (1) the property was sold before the assessor took the action complained of; and (2) neither Columbia nor John Betz is the taxpayer. Defendant recognizes that John Betz reimbursed Universal, but contends that a contractual obligation for reimbursement is not the same thing as paying taxes.

■   The court finds defendant's motions as to Columbia and John Betz must be denied. Although the relationship of the parties is not clear, it appears that either Columbia, John Betz, or both, was obligated to pay taxes as a result of an interest in the property. The fact that the requirement is a result of a contract is not important. Taxes are imposed on real property "in rem," not as a personal liability of the owner. Consequently, a "taxpayer" may be anyone who, due to an interest in the property, becomes obligated for the tax. The statutes recognize the role of contractual obligations in connection with real property taxes. For example, lessees qualify for the property tax exemption only if contractually obligated to pay the taxes. ORS 285.597(2).[1]

■   The issue on the merits is one of statutory construction. ORS 285.617 requires an assessor to disqualify property and assess additional taxes when notified that property granted an enterprise zone tax exemption has been "sold, exchanged, transported or otherwise disposed of for use outside the enterprise zone." ORS 285.617(1)(a).

In *Keeter Manufacturing, Inc. v. Dept of Rev.*, 13 OTR 124 (1994), this court held that the sale of a piece of property disqualified it from the enterprise zone tax exemption. Although that case was decided under the 1987 law, the critical wording of the statute as to that issue was not changed by any of the subsequent amendments. It is noteworthy that the legislature has amended the enterprise zone tax exemption in every session since it was originally enacted, yet the ambiguous language in question has never been changed.

---

[1] All citations to the Oregon Revised Statutes are to the 1991 Replacement Part unless otherwise indicated.

The law in effect when the subject property was sold did not allow it to remain qualified for exemption. As noted in *Keeter*, the 1993 legislature amended ORS 285.597(3) to allow the sale from one qualified firm to another without loss of the exemption, but that provision came too late to help plaintiffs.[2] Plaintiffs' sale is governed by the 1991 law, which expressly provided:

> "The exemption shall continue for the two succeeding tax years if the property *continues to be owned* or leased by *the* qualified business firm and located in the enterprise zone." ORS 285.597(3)(a). (Emphasis added.)

■     The court interprets ORS 285.617 to require notice to be given to the assessor if the property granted exemption is sold or exchanged. Notice must also be given if the property is transported for use outside the enterprise zone or is otherwise disposed of for use outside the enterprise zone. This interpretation is consistent with ORS 285.597(3)(a), which requires that property continue to be owned by the qualified business firm and located in the enterprise zone.

Based on the above, the court finds that defendant's Motion for Summary Judgment should be granted. Now, therefore,

IT IS ORDERED that defendant's TCR 21 motions to dismiss plaintiffs for lack of standing are granted as to Universal Frozen Foods Company but are denied as to Columbia Sun, Inc., and John Betz; and

IT IS FURTHER ORDERED that defendant's Cross Motion for Summary Judgment is granted; and

IT IS FURTHER ORDERED that plaintiffs' Motion for Summary Judgment is denied. Costs to neither party.

---

[2] *See* Or Laws 1993, ch 773, § 11.