Argued and submitted May 1, judgment of the Tax Court vacated, and case remanded to the Tax Court with instructions to dismiss appeal August 31, 1995

COLUMBIA SUN, INC.,
and John Betz,
*Appellants,*
*and*

UNIVERSAL FROZEN FOODS COMPANY,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
STATE OF OREGON,
*Respondent.*

(OTC 3537; SC S41562)

900 P2d 1039

Douglas E. Hojem, of Corey, Byler, Rew, Lorenzen & Hojem, Pendleton, argued the cause and filed the briefs on behalf of appellants. With him on the response brief was Derek L. Caplinger, Pendleton.

James C. Wallace, Assistant Attorney General, Salem, argued the cause on behalf of respondent. With him on the brief was Theodore R. Kulongoski, Attorney General, Salem.

UNIS, J.

## UNIS, J.

This is a direct appeal from a judgment of the Tax Court that affirmed an order of the Department of Revenue (the Department) upholding the disqualification and recapture of previously exempted property taxes under the Oregon Enterprise Zone Act of 1989 (Enterprise Zone Act), ORS 285.570 to 285.617.[1]

The facts are not in dispute. Columbia Sun, Inc., (Columbia) manufactured processed potato products at a plant in Hermiston, Oregon. John Betz (Betz) and his wife, Janet Betz, are the sole shareholders of Columbia. Columbia applied for and obtained a partial property tax exemption under the Enterprise Zone Act, beginning with the 1988-89 tax year. On November 30, 1992, Columbia sold the potato processing plant and other related assets to Universal Frozen Foods Company (Universal). On January 6, 1993, and February 22, 1993, the Umatilla County Assessor (the assessor) notified Columbia and Betz that the sale of the subject property to Universal had disqualified the property from the partial property tax exemption for the then-current tax year (1992-93) and for the past tax years (1988-89, 1989-90, 1990-91, and 1991-92) and that $133,055.62 in previously exempted taxes would be recaptured[2] by adding that amount

---

[1] In enacting the Enterprise Zone Act, the Legislative Assembly recognized "that the health, safety and welfare of the people of this state are dependent upon the continued encouragement, development, growth and expansion of employment, business, industry and commerce within the state, and that there are areas in the state that need the particular attention of government to help attract private business investment into these areas." ORS 285.573. The purpose of the Enterprise Zone Act is "to stimulate employment, business and industrial growth in those areas of this state by providing assistance to businesses and industries and by providing tax incentives in those areas." ORS 285.573.

[2] ORS 285.617 provides in part:

"(1) The county assessor of any county in which an enterprise zone is situated shall be notified in writing:

"(a) When property granted exemption from taxation under ORS 285.615 is sold, exchanged, transported or otherwise disposed of for use outside the enterprise zone. The notice under this paragraph shall be provided to the assessor by the qualified business firm or by the owner of the qualified property leased by the qualified business firm not later than the 60th day after the date of sale, exchange, transportation or other disposal of the property.

"(b) When a qualified business firm closes or substantially curtails the operation of the trade or business in which property granted exemption from taxation under ORS 285.615 is used. The notice under this paragraph shall be

to the tax levied against the property in the 1993-94 tax year. On November 9, 1993, the assessor assessed the additional $133,055.62 against the property, which Universal paid. As required by the Columbia/Universal sale contract, Betz reimbursed Universal for that amount.

Pursuant to ORS 305.275, Columbia and Betz appealed to the Department. On November 4, 1993, the Department, after a hearing, issued an opinion and order upholding the action of the assessor. Columbia and Betz then appealed to the Tax Court. The Department moved to dismiss the appeal on the ground that Columbia and Betz lacked standing. Columbia and Betz and the Department filed cross motions for summary judgment. The Tax Court denied the motion to dismiss, holding that Columbia and Betz had standing, because "[t]axes are imposed on real property 'in rem,' not as a personal liability of the owner. Consequently, a 'taxpayer' may be anyone who, due to an interest in the property, becomes obligated for the tax." *Columbia Sun, Inc. v. Dept. of Rev.*, 13 OTR 132, 134 (1994). The Tax Court granted the Department's motion for summary judgment and denied Columbia's and Betz's motion for summary judgment, holding that the sale of the property to Universal disqualified the property from the enterprise tax exemption. *Id.* at 134-35. Columbia and Betz appeal that ruling to this court. We review *de novo*. ORS 305.445.

We first address the issue whether Columbia and Betz have standing. ORS 305.570(1) provides in part:

"Any taxpayer, county assessor or county tax collector aggrieved by and directly affected by an order of the Department of Revenue, and any taxpayer whose property is affected by an order of the Department of Revenue made to a county assessor or county tax collector under the authority

provided to the assessor by the qualified business firm closing or curtailing operations or by the owner of the qualified property leased by the qualified business firm not later than the 60th day after the date on which closure or substantial curtailment is determined to have occurred.

"(2) When an assessor receives written notice under subsection (1) of this section, the assessor shall disqualify the property for the following tax year and 100 percent of the additional taxes calculated under ORS 285.615, together with interest as provided in ORS 311.213, shall be assessed against the property for each year for which the property had been granted exemption."

contained in ORS 306.115 or 306.116, may appeal to the Oregon Tax Court * * *."

ORS 305.570(1) permits two types of taxpayers to appeal to the Tax Court: (1) a taxpayer aggrieved by and directly affected by an order of the Department, and (2) a taxpayer whose property is affected by an order of the Department made to the county assessor or county tax collector under the authority contained in ORS 306.115 or 306.116.

The Department argues that Columbia and Betz sold the property at issue to Universal before the assessor's decision to disqualify the property from the partial property tax exemption and to recapture the previously exempted taxes, that Columbia and Betz do not now have, nor have they had, an interest in the property at issue since November 30, 1992, and that neither Columbia nor Betz paid any of the taxes at issue in this case. The Department asserts, therefore, that neither Columbia nor Betz is a "taxpayer" with respect to the property at issue. Because neither Columbia nor Betz is the taxpayer, neither is a "taxpayer * * * aggrieved by and directly affected by an order of the Department," nor a "taxpayer whose property is affected by an order of the [Department] made to a county assessor or county tax collector under the authority contained in ORS 306.115 or 306.116." ORS 305.570(1). Accordingly, the Department asserts, Columbia and Betz lack standing to appeal either the decision of the assessor or the opinion and order of the Department. For the reasons that follow, we agree that Columbia and Betz lack standing.

■ Because neither Columbia nor Betz now has, nor have they had, an interest in the property at issue since November 30, 1992, neither Columbia nor Betz is a "taxpayer whose property is affected by an order of the Department."

■ Moreover, neither Columbia nor Betz is a "taxpayer * * * aggrieved by and directly affected by an order of the Department." In *NW Alliance for Market Equality v. Dept. of Rev.*, 318 Or 129, 134, 862 P2d 1300 (1993), this court stated that "[o]ne who is 'directly affected by an order of the Department of Revenue,' ORS 305.570(1), * * * is one upon whom the Department's order has an immediate, personal

effect without any intervening instrumentality or determining influence."

Under that interpretation, Columbia and Betz are disadvantaged contracting parties that were not directly affected by the Department's order. Neither Columbia nor Betz had any statutory liability for the recaptured taxes as a result of the Department's order, because taxes are imposed on the real property only and are not a personal liability of the owner of that property. *See Napier v. Lincoln Co. School District*, 4 OTR 221, 225 (1970) ("In the case of real property taxes, taxes run with the land, no individual or corporation is personally liable therefor.").[3] Columbia's and Betz's only obligation was under the Columbia/Universal contract to pay Universal the amount of the recaptured taxes. Because Columbia and Betz would not have been obligated to pay but for the existence of the contract, the contract "was an intervening instrumentality or determining influence," which rendered the Department's order indirect.

Because neither Columbia nor Betz was "directly affected by an order of the Department" under ORS 305.570(1), they had no standing to appeal to the Tax Court under ORS 305.570(1). That being so, the Tax Court was without jurisdiction to consider the merits of the disqualification and recapture of previously exempted property taxes.

The judgment of the Tax Court is vacated, and the case is remanded to the Tax Court with instructions to dismiss the appeal.

---

[3] We note that neither Columbia nor Betz is among the persons listed in ORS 311.806 to whom a refund of taxes could be issued. ORS 311.806 provides in part:

"(1) Subject to subsection (2) of this section, the county governing body shall refund * * * taxes on property collected * * *, plus interest thereon as provided in ORS 311.812, in the following cases:

"(a) To the owner or an owner of any taxable property or the person in whose name the property is assessed and in whose name a petition was filed, whenever a change in the value of property is ordered by a county board of equalization, county board of ratio review or the Department of Revenue and no appeal is taken or can be taken from the board's or department's order, or whenever ordered by the Oregon Tax Court or the Supreme Court and the order constitutes a final determination of the matter[.]"