Fred W. KAUP
and Cecil Zerba
*v.*
DEPARTMENT OF REVENUE
(TC 3754)

Plaintiff Zerba appeared *pro se.*

Plaintiff Kaup failed to appear.

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, represented defendant (department).

Decision for defendant rendered January 5, 1996.

### CARL N. BYERS, Judge.

Plaintiff Zerba appeals the 1993-94 assessed value of real property used as a convenience store, gas station, vegetable stand and retail shrubbery outlet in Milton-Freewater. At the beginning of trial, the Department of Revenue (department) raised the issue of Zerba's standing. The department contended that Zerba, as lessee of the property, lacked standing to appeal the assessed value of the subject property to this court. The department reasons that Zerba was not entitled to receive a refund under ORS 311.806 and, therefore, lacked standing under ORS 305.570.

Zerba stated the property is owned by Kaup. In 1987, Kaup leased the property to Zerba with an option to purchase. Zerba submitted no documents to show the terms or conditions of the lease. Zerba explained that, although Kaup did not sign the complaint filed with the court, he authorized Zerba to represent him in this appeal. However, Zerba who appeared *pro se*, is not an attorney, and may not represent another in Regular Division unless he is a licensed attorney. ORS 9.160.[1]

The issue of standing, *i.e.*, the right to bring suit in the Oregon Tax Court, is addressed in ORS 305.570 (1).

> "Any taxpayer * * * aggrieved by and directly affected by an order of the Department of Revenue, and any taxpayer whose property is affected by an order of the Department of Revenue made to a county assessor or county tax collector under the authority contained in ORS 306.115 or 306.116, may appeal to the Oregon Tax Court, and appeal shall be perfected in the manner provided in ORS 305.560."

In this case the order of the department was not issued to an assessor or tax collector under ORS 306.115 or 306.116 and Zerba does not own the affected property. Consequently, if Zerba is to qualify under the statute, he must be a taxpayer who is "aggrieved by and directly affected" by the department's order.

---

[1] ORS 9.160 provides:

"Except for the right reserved to litigants by ORS 9.320 to prosecute or defend a cause in person, no person shall practice law or represent that person as qualified to practice law unless that person is an active member of the Oregon State Bar."

In *NW Alliance for Market Equality v. Dept. of Rev.*, 318 Or 129, 862 P2d 1300 (1993), the Oregon Supreme Court construed the words "directly affected" to mean that the order "has an immediate, personal effect without any intervening instrumentality or determining influence." *Id.*, 318 Or at 134. In that case, the Supreme Court held that an alliance of property owners did not have standing to contest an exemption granted to another taxpayer because the impact of the exemption on the alliance was only "indirect." *Id.*, 318 Or at 136. That decision was consistent with the rationale of this court in *Brummell v. Dept. of Rev.*, 4 OTR 168 (1970), which held that a taxpayer does not have standing to appeal an order pertaining to another taxpayer's property.

More recently, in *Columbia Sun, Inc. v. Dept. of Rev.*, 321 Or 514, 900 P2d 1039 (1995), the plaintiffs sold property which was partially exempt from property taxation under the Enterprise Zone Act. The sale contract obligated the seller to reimburse the purchaser for any recaptured taxes. Subsequent to the sale, the assessor disqualified the property from exemption, resulting in a recapture of previously exempted taxes. Because of their contractual obligations, the prior owners appealed the disqualification of the property from the exemption. The department moved to dismiss the prior owners' complaint in the Tax Court claiming they lacked standing. This court ruled:

> "[A] 'taxpayer' may be anyone who, due to an interest in the property, becomes obligated for the tax. The statutes recognize the role of contractual obligations in connection with real property taxes. For example, lessees qualify for the property tax exemption only if contractually obligated to pay the taxes. ORS 285.597(2)." *Columbia Sun, Inc. v. Dept. of Rev.*, 13 OTR 132, 134 (1994).

On appeal, the Oregon Supreme Court disagreed with the Tax Court's interpretation of ORS 305.570 and vacated its decision. The Supreme Court held that neither plaintiff was a "taxpayer aggrieved and directly affected" by the department's order, but were only "disadvantaged contracting parties." *Columbia Sun*, 321 Or at 519. The court stated:

> "Neither Columbia nor Betz had any statutory liability for

the recaptured taxes as a result of the Department's order[.] * * * Because Columbia and Betz would not have been obligated to pay but for the existence of the contract, the contract 'was an intervening instrumentality or determining influence,' which rendered the Department's order indirect." *Id.*

The court also noted in a footnote that the plaintiffs were not among the persons listed in ORS 311.806 to whom a refund of taxes could be issued. *Id.* at 519 n 3.

In view of the above holding, this court must conclude that a lessee does not have standing to appeal the value of leased property to the Tax Court. Lessees are obligated to pay property taxes only as a result of a lease contract, which is "an intervening instrumentality." Where the lessee is not the person to whom the property is assessed, the lessee is not the person with statutory liability for the taxes. Therefore, the lessee is not "directly affected" by the department's order.

The court finds that Zerba lacks standing under ORS 305.570. Department's Opinion and Order No. 94-0866 must be sustained. Costs to neither party.