# IN THE TAX COURT OF THE
# STATE OF OREGON

## Craig HEILLER
### *v.*
## DEPARTMENT OF REVENUE
### (TC 4094)

Plaintiff appeared *pro se*.

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered July 1, 1997.

**CARL N. BYERS, Judge.**

Plaintiff appeals from the denial of a 1996 property tax exemption for 33 acres of land. Plaintiff claims exemption for the land as a charitable or scientific use under ORS 307.130. The department found that plaintiff's organization is not a qualified organization and that the property was not used for exempt purposes.

## FACTS

The subject property is located south of Cave Junction. Most of the surrounding land is used for rural residential home sites. Since 1969, either plaintiff or the Heiller Family Trust has owned the subject property. At one time, the owners tried to subdivide the land for rural residential use. However, plaintiff testified that there are too many restrictions on the land's use, including zoning, flood-plain, and septic systems. In 1991, plaintiff gave up his development plans and embarked upon a program to rehabilitate the land to its natural state and improve it for public use. He and other "volunteers" built a small pond, drained two areas, planted a number of trees, cleared brush, and created firebreaks.

Plaintiff testified that he formed a nonprofit corporation, Bruin Nature Conservancy. He filed Articles of Incorporation on March 1, 1996. Plaintiff, his nephew, and a friend were elected directors and adopted bylaws on April 1, 1996. The Heiller Family Trust conveyed the subject property to the corporation by a Bargain and Sale Deed dated March 29, 1996. On the same date, Bruin Nature Conservancy applied for a property tax exemption. The application states that the purpose of the organization is: "Conservation-environmental rehabilitation-education." The application also states that the property will be used for the following purpose: "Rehabilitation model — study area — research — forest products business development." The assessor denied exemption because the organization did not have a letter from the IRS ruling that it qualified for federal income tax exemption.

Also, the assessor had observed the property and saw no evidence of charitable use.

## ISSUE

Does the subject property qualify for a charitable or scientific property tax exemption?

## ANALYSIS

■■ Property tax exemptions are solely statutory. The statutes are strictly construed and the applicant must bring itself clearly within the exemption. *Bd. Pub., Meth. Church v. Tax Com.*, 239 Or 65, 68-69, 396 P2d 212 (1964). Because property tax exemptions shift the tax burden to others, the underlying rationale for an exemption is that the exempt activity benefits the public. The legislature decides in general terms what uses qualify for exemption, such as scientific, charitable or literary activities. However, it is individuals within the community who determine specific needs, garner support from the community, and bring about the ownership and use to qualify under the exemption statute.

■ Bruin Nature Conservancy does not qualify because its organization is not complete. Plaintiff admits that he did not have all the paperwork to submit to the assessor. The corporation is still without a bank account and taxpayer identification number. Also, at the trial, plaintiff failed to provide specific details to demonstrate that the corporation and its property is operated as a charity. For example, some of the natural growth on the property is harvested and sold. Plaintiff testified that the proceeds are used to improve the property. However, plaintiff submitted no accountings, no records, and no other evidence to show actual operations. The absence of a separate account and donations committed to charitable use is alone enough to prevent an organization from qualifying for exemption. *Methodist Homes, Inc. v. Tax Com.*, 226 Or 298, 311, 360 P2d 293 (1961). Also, an organization seeking property tax exemption must show an "absence of profit or private advantage to the organization's founders and officials." *Dove Lewis Mem. Emer. Vet. Clinic v. Dept. of Rev.*, 301 Or 423, 429, 723 P2d 320 (1986).

■ The use of the property also does not qualify. From a positive point of view, plaintiff has tried to improve the property and has invited various community organizations, including a school, to use the property free of charge. He also advertised for public use of the property in local publications. However, plaintiff has had numerous disputes with his neighbors, county officials, and county employees. He testified that the property has been damaged by vandalism, trespassers, arson, and in other ways; some of which he attributes to local authorities. As a result, plaintiff has fenced the property and posted no trespassing signs. On the whole, the property does not appear open to the public. Also, the facilities have not been developed sufficiently for public use. There is no available potable water and there are no restroom facilities. Due to the problems with neighbors, county officials, and others, plaintiff has also been unable to obtain the chips and mulch needed for rehabilitating the soil.

It appears the use of the property is in transition and does not yet qualify for exemption. Charitable activities are still in the planning stage and do not yet relieve government of any burden or provide public benefit. *See NW Alliance for Market Equality v. Dept. of Rev.*, 12 OTR 338 (1992), *vac'd & rem'd on other grounds* 318 Or 129, 862 P2d 1300 (1993). It is also important for plaintiff to show that the primary use of the property is not for the organization's members. *Mazamas v. Dept. of Rev.*, 12 OTR 414 (1993).

Plaintiff blames others for the lack of public use or support. The evidence seems to indicate that public sentiment does not favor plaintiff or his proposed use of the property. Regardless of the reasons for the problems in the community, if the property is not actually used for charitable or scientific purposes, it cannot qualify. It would appear that plaintiff faces significant challenges in overcoming a poor public image and garnering the support of the community.

■ In addition, plaintiff no longer has the necessary standing to appeal any denial of a property tax exemption for the subject property because the evidence established that the property is now owned by Bruin Nature Conservancy, a nonprofit corporation. Corporations must be represented by an attorney in court proceedings. ORS 9.320.

Based on the above, the court finds the property does not qualify for property tax exemption and that the department's Opinion and Order No. 96-5686 must be sustained.