**PROGRESSIVE PREFERRED INSURANCE COMPANY,**
Plaintiff–Appellee,

v.

**Robert WILLIAMS, et al., Defendants,**

**Cindy Jones, Defendant–Appellant.**

No. 87–8925.

United States Court of Appeals,
Eleventh Circuit.

Jan. 23, 1989.

J. Thomas. Whelchel, Brunswick, Ga., for defendant-appellant.

George E. Argo, Vidalia, Ga., Charles Brannon, Jr., Savannah, Ga., for plaintiff-appellee.

---

1. In fact, there were four black jury members.

Before ANDERSON and COX, Circuit Judges, and TUTTLE, Senior Circuit Judge.

ANDERSON, Circuit Judge:

Cindy Jones, an unlicensed driver, was involved in an accident while driving Donnie Livingston's truck. Two passengers in the truck, Robert Williams and Melissa Haines, were injured. Plaintiff Progressive Preferred Insurance Company ("Progressive") brought an action for a declaratory judgment that it was not liable and had no duty to defend under Livingston's automobile insurance policy. Progressive named as defendants the named insured, Livingston, Jones, and passenger Williams. Passenger Haines intervened as an additional defendant. The United States District Court for the Southern District of Georgia granted Progressive's motion for summary judgment as against all defendants. Only Cindy Jones appeals. We affirm.

On August 10, 1986, fifteen-year old Cindy Jones, appellant in this case, Yolanda Gomez, and Missy Haines asked Donnie Livingston, a friend of Jones' mother, if they could take his pick-up truck and wash it. Livingston gave the keys to Yolanda Gomez, who had a driver's license, but apparently did not specify who was to drive the truck, where they were to go, or how long the girls were to have the truck.

Yolanda Gomez drove to her house where she, Jones and Haines washed the truck. They met Robert Williams and Steve Bass at the Gomez house, and the five decided to go to the river. Gomez, Haines and Jones were in the cab of the truck while Williams and Bass sat in the back. Yolanda Gomez began driving when they left her house, but Cindy Jones took the wheel at a stop sign.[1] Jones had driven Livingston's truck at least once, with his permission, prior to the day of the accident.

Approximately one to two minutes after Cindy Jones began driving, the truck was involved in an accident in which Williams and Haines were injured. It is undisputed that Jones was fifteen years old at the time, and did not have a driver's license or learner's permit.

Livingston was the named insured under a policy issued by appellee Progressive Preferred Insurance Company. Part I, Coverage A of the policy stated that

We will pay, on behalf of an injured person, damages ... for which any insured person is legally liable because of bodily injury ... arising out of an accident involving your insured car....

The definition of "insured person" includes "any other person driving your insured car with your expressed permission, and within the scope of that permission." Policy, Part I, Additional Definitions. An exclusion to the coverage provided that

Liability coverage does not apply to:

.     .     .     .     .

14. Bodily injury or property damage caused by your insured car if any vehicle driven by an unlicensed person or person under the minimum age to obtain a license to operate a car in the state in which the car is licensed.

Policy, Part I, Coverage A.

Progressive filed this action in United States District court for the Southern District of Georgia, seeking relief from its duty to defend and provide coverage, relying upon the unlicensed driver exclusion. In response, the defendants below contended that the exclusion for unlicensed drivers violated the public policy of Georgia and therefore is unenforceable. Both parties moved for summary judgment, which the district court granted in favor of Progressive.

The district court first found, for the purposes of the summary judgment motion, that Jones was an "insured person" within the terms of the policy because she was driving the truck with Livingston's permis-

---

1. A genuine issue of fact exists as to whether passengers Williams and Haines knew Jones was unlicensed or encouraged or participated in her taking the wheel. However, because neither Haines nor Williams appealed, this issue of fact is not material. *See* note 2, *infra.*

sion and within the scope of that permission. But for the exclusion for unlicensed drivers, then, Progressive would be liable under the policy. Order Granting Summary Judgment to Progressive Preferred 5–7 (Nov. 19, 1987). Progressive does not contest this portion of the district court's ruling.

The court next considered the exclusion for unlicensed drivers. In the district court and on appeal, Jones argues that the exclusion violates the public policy of Georgia as set out in *Cotton States Mutual Insurance Co. v. Neese*, 254 Ga. 335, 329 S.E.2d 136 (1985). In *Neese*, the Supreme Court of Georgia addressed the validity of a provision in an automobile insurance policy that excluded liability coverage while an insured is attempting to avoid apprehension or arrest. In analyzing Georgia's public policy, the court stated that the public's identifiable interests in that case were threefold:

> (1) as insureds, to limit the insurer's risks and thereby keep automobile insurance premiums as low as possible; (2) as members of the public in general to improve safety on the highways; and (3) as accident victims, to have access to insurance funds to satisfy their judgments.

329 S.E.2d at 141. Applying these factors, the Supreme Court of Georgia held that the exclusion of coverage was unenforceable to the extent of the mandatory amount of insurance as against an innocent victim, namely the driver of another car who was hit head-on by the insured vehicle as it was fleeing to avoid arrest.

The court also addressed the question whether the exclusion was unenforceable as against the passengers in the fleeing vehicle. The court drew a distinction between "innocent victims" and "willing participants," stating that

> [l]ike the driver of the other vehicle, they may have been suddenly caught in an

unexpected situation and thus be innocent victims injured in the collision. On the other hand, they may have been willing participants in the attempt to elude the pursuing patrolman. If the latter be the case, the public policy created by our compulsory insurance law does not favor them. Therefore, unless one or both of the passengers in the fleeing vehicle can demonstrate to the trier of fact by a preponderance of the evidence that he or they did not encourage or participate in the attempt to avoid apprehension or arrest, the exclusion is enforceable as to them.

*Neese,* 329 S.E.2d at 142.

We can assume for purposes of this appeal, but we do not have to decide, that the Supreme Court of Georgia would apply the *Neese* rationale to the unlicensed driver exclusion. Under that rationale, however, Jones cannot recover because she cannot plausibly contend that she was an "innocent victim" of her own unlicensed driving. Therefore, her interest as a member of the public or as an accident victim, *see Neese,* 329 S.E.2d at 141, is not sufficient to void the unlicensed driver exclusion.[2]

We need not decide the more difficult question whether the unlicensed driver exclusion would be void as applied to the injured passengers in the vehicle, Haines and Williams. Neither passenger appealed the district court's order granting summary judgment in favor of Progressive. Thus, the validity of the exclusion as applied against the passengers, Haines and Williams, is not before us on appeal.

The judgment of the district court is AFFIRMED.

---

**2.** Our holding is limited to the issues presented to us. The only public policy ground to void the exclusion which Jones has asserted on appeal is the innocent victim status of herself and her passengers, Haines and Williams. However, she is not innocent; and we note below that neither Haines nor Williams appealed, and thus the validity of the exclusion as against the passengers is not an issue before us on appeal. Jones has asserted no other possible public policy which might be invoked to void the exclusion. We note also that the named insured, Livingston, did not appeal.