Argued and submitted October 3, the decision of the Court of Appeals affirmed in part and reversed in part and the judgment of the circuit reversed December 28, 1989

## VIKING INSURANCE COMPANY OF WISCONSIN,
*Petitioner on Review/*
*Respondent on Review,*

*v.*

## PETERSEN et al,
*Defendants,*

*and*

## THOMPSON,
*Respondent on Review/*
*Petitioner on Review.*

(CC 87-CV-201; CA A47926; SC S36176, S36177)

784 P2d 437

Joel S. DeVore, of Luvaas, Cobb, Richards & Fraser, P.C., Eugene, argued the cause and filed the petition for petitioner/respondent on review Viking Insurance Company.

Frank C. Rote, Grants Pass, argued the cause for respondent/petitioner on review Joe Thompson. R. Daniel Simcoe, of Brown, Hughes, Bird, Lane & Simcoe, Grants Pass, filed the petition for review and response to Viking Insurance Company's petition.

Thomas M. Christ, Portland, filed a brief on behalf of *amicus curiae* Oregon Association of Defense Counsel.

JONES, J.

## JONES, J.

This case presents two issues: (1) whether a motor vehicle liability insurance policy with an endorsement excluding drivers under the age of 25 is valid under the Financial Responsibility Law, ORS chapter 806; and (2) whether a motor vehicle liability insurance policy must provide coverage to an insured owner for a claim of negligent entrustment of the insured vehicle.[1] The circuit court concluded that the under-age-25 endorsement was valid and that Viking Insurance Company's policy provided no coverage for Randle, the car owner. The Court of Appeals affirmed in part, holding that it was permissible to exclude coverage of the under-age-25 driver, and reversed in part, holding that the owner of the vehicle had coverage for a claim of negligent entrustment. *Viking Ins. Co. v. Petersen,* 96 Or App 46, 771 P2d 1022 (1989). We reverse the decision of the Court of Appeals as to the validity of the under-age-25 driver endorsement and affirm its decision as to coverage for the owner on the claim of negligent entrustment.

We take the facts from the Court of Appeals opinion:

"Viking Insurance Company of Wisconsin (Viking) sought a declaratory judgment that its policy provides no coverage for its named insured, Randle, and Petersen for matters alleged in an action brought by the personal representatives of the estates of Patricia Medina and Luis Medina, who were killed when the motorcycle on which they were riding collided with a car owned by Randle and driven by Petersen, who was under the age of 25. The trial court granted a summary judgment to Viking, ruling that its policy provides no coverage for Randle or Petersen, because a policy endorsement excludes from coverage all accidents occurring while the 'car is being driven by a person under the age of 25.' The estate of Patricia Medina appeals, arguing that the trial court erred in relying on facts contained in unsworn statements referred to in an affidavit and in determining that the policy endorsement excludes coverage.

"The estate alleged in the complaint in the underlying

---

[1] The personal representative of the estate of Patricia Dianne Medina petitions for review of the portion of the Court of Appeals decision which concludes that unsworn statements in support of a motion for summary judgment were admissible. Viking Insurance Company petitions claiming that the policy's under-age-25 endorsement excludes *any* coverage for either the driver or the owner of the vehicle.

action that Petersen, age 19, was negligent in the operation of Randle's car * * *.

"The policy issued by Viking to Randle contains a clause insuring members of Randle's family and household and those using the car with his permission. It also contains the following amendatory endorsement:

" 'This policy won't provide any insurance while the car is being driven by a person under the age of 25 unless that person is named in the declaration page.'

"Petersen was not named as an insured or on the declaration page of the policy. On its face, the effect of the endorsement is to exclude coverage for the accident, both as to Petersen and Randle. The estate contends that the policy endorsement is inconsistent with the Financial Responsibility Law, ORS chapter 806.

"Neither Randle nor Petersen appeared in this proceeding. The trial court entered an order of default against them."

The personal representative of the estate also claimed that Randle, the owner, negligently entrusted the use of the car to Petersen.

Viking sought a declaratory judgment releasing it from liability to defend or provide coverage.

■ ■   As mentioned, the driver of the insured's car was under the age of 25. Viking contends that if the "under 25 driver exclusion" is valid, there is no basis for imposing liability under Randle's insurance policy.

ORS 742.450(1) provides:

"Every motor vehicle liability insurance policy issued for delivery in this state shall state the name and address of the named insured, the coverage afforded by the policy, the premium charged therefore, the policy period, and the limits of liability, and shall contain an agreement or indorsement which provides that the insurance is provided thereunder in accordance with the coverage described under ORS 806.070, 806.080 and 806.270 as respects bodily injury and death or property damage, or both, and is subject to all the provisions of the Oregon Vehicle Code relating to financial responsibility requirements as defined in ORS 801.280 and future responsibility filing as defined under ORS 801.290."

ORS 806.080(1) provides:

"A motor vehicle liability insurance policy used to comply

with financial responsibility requirements under ORS 806.060 must meet all of the following requirements:

"(1)   It must be a policy or part of a policy designating, by explicit description or by appropriate reference, *all motor vehicles for which coverage is provided by the policy and insuring the named insured and all other persons insured under the terms of the policy against loss from the liabilities imposed by law for damages arising out of the ownership, operation, use or maintenance of those motor vehicles.*" (Emphasis added.)

ORS 806.270 provides in pertinent part:

"A certificate of insurance that is used to comply with future responsibility filing requirements under ORS 806.240 is subject to all of the following:

"(1)   Except as provided by ORS 806.280, the certificate must be issued by an insurance carrier doing business in this state.

"(2)   The certificate must show that the person required to make the future responsibility filing is covered by insurance that provides minimum coverage necessary for payment of the schedule of payments under ORS 806.070.

"(3)   The certificate must show that the person required to make the future responsibility filing is *either:*

"(a)   Insured by a policy meeting the requirements under ORS 806.080 that also covers all other persons who, with the consent of the insured, use the vehicles owned by the person making the filing; or

"(b)   Insured against loss arising from liabilities imposed by law for damages arising out of the ownership, operation, use or maintenance of motor vehicles not owned by the person required to make the filing." (Emphasis added.)

ORS 806.070 provides for minimum limits of coverage.

Viking and *amicus,* Oregon Association of Defense Counsel, argue that the Financial Responsibility Law only applies to persons who are required to be financially responsible — that is, those persons who are required to prove financial responsibility for a number of reasons. For instance, ORS 806.150 provides that the Motor Vehicles Division shall select at various times not more than 10 percent of the vehicles

registered in the state for verification of financial responsibility. Under ORS 811.720 and 811.725, persons involved in vehicle accidents must prove compliance with financial responsibility requirements. Under ORS 803.460, vehicle owners seeking to renew their registrations must certify compliance with the financial responsibility requirements by one of the methods in ORS 806.060(2): (a) by buying an automobile insurance policy; (b) by posting a bond; (c) by depositing cash or securities; or (d) by becoming self-insured. Viking's and *amicus's* position appears to be that the legislature intended to require financial responsibility only from certain categories of persons, to wit, those called upon by the Motor Vehicles Division to prove financial responsibility under the minimum standards of ORS 806.080(1).

We interpret these statutes to require every motor vehicle liability insurance policy issued in this state to provide for statutory minimum limits of coverage. In this case Viking must provide statutory minimum limits of coverage for the vehicle owned by Randle and described in the policy. The policy must cover not only the named insured but also must provide coverage for all persons who operate the insured vehicle with the consent of the insured. In this case, the 19-year-old driver allegedly was driving the automobile with the consent of the insured and the endorsement attempting to restrict coverage to only those 25 years or older violates the minimum requirements of Oregon's financial responsibility laws.

ORS 742.450 requires that all motor vehicle liability insurance policies issued in Oregon contain insurance coverage in accordance with ORS 806.070, 806.080, and 806.270. This means that such policies must include the same provisions required by financial responsibility requirements. In other words, the minimum requirements of ORS 806.270 are equally applicable to coverage required under ORS 742.450. ORS 806.270(3)(a) requires that the policy must cover all persons who, with the consent of the insured, use the vehicle (Petersen) owned by the person making the filing (Randle). That requirement applies whether Randle was filing for future responsibility (as he probably was since all evidence indicates this was a renewed registration vehicle) or whether he was making an original application for registration. ORS 806.270(3)(b) is inapplicable in that it applies only to coverage for persons operating motor vehicles not owned by the named

insured. Therefore, the policy must cover Petersen, who was using a vehicle owned by Randle with Randle's consent, up to the minimum limits required by ORS 806.070.

■ The claims in this case include not only the claims against Petersen, for which there must be coverage, but also an independent claim against Randle, the owner of the car, for negligent entrustment of the vehicle to Petersen.

ORS 806.080(1) requires that the policy designate the motor vehicle which is covered. There is no question in this case that Randle's vehicle was described and designated as covered by the policy.

If the personal representative of the estate is able to prove his negligent entrustment claim, Randle would be liable for damages which may be imposed upon him by virtue of his ownership of the insured vehicle. ORS 806.080(1) requires that policies insure the named insured for liability arising out of his "ownership" of the insured vehicle. A claim of negligent entrustment by the owner of the vehicle is precisely such a claim arising out of ownership of the insured vehicle, for which the statute mandates coverage. The policy is construed to include whatever coverage the statute requires. *See State Farm Fire and Casualty Co. v. Jones,* 306 Or 415, 759 P2d 271 (1988).

The decision of the Court of Appeals is affirmed in part and reversed in part. Viking must provide coverage for Petersen as a permissive user and to Randle for any negligent entrustment liability arising out of the use of the vehicle. The judgment of the circuit court is reversed.