NATIONAL FARMERS UNION PROP-
ERTY AND CASUALTY COMPA-
NY, Plaintiff and Appellee,

v.

UNIVERSAL UNDERWRITERS
INSURANCE COMPANY,
Defendant and Appellant.

No. 18892.

Supreme Court of South Dakota.

Considered on Briefs Feb. 14, 1995.

Decided July 5, 1995.

Chester A. Groseclose of Richardson, Gro-
seclose, Wyly, Wise & Sauck, Aberdeen, for
plaintiff and appellee.

Rodney Freeman, Jr. of Churchill, Manol-
is, Freeman, Kludt and Kaufman, Huron, for
defendant and appellant.

MILLER, Chief Justice.

Appellant Universal Underwriters Insur-
ance Company (Universal) appeals the trial
court's decision upholding a "driver restric-
tion" in an automobile insurance policy issued
by National Farmers Union Property and
Casualty Company (National Farmers). We
affirm.

FACTS

The parties stipulated to the facts before
the trial court. In Aberdeen, South Dakota,
on June 24, 1990, an automobile driven by
Kelvin Elsing (Kelvin) collided with an auto-
mobile driven by Andrew Merkel and also
occupied by Merkel's wife and daughter.
The accident resulted in bodily injuries to the
Merkels and property damage to their auto-
mobile. Kelvin's negligence caused the acci-
dent.

E.O. Johnson Motor Company (Johnson),
an auto dealership, owned the automobile
Kelvin had been driving at the time of the
accident. Johnson carried automobile insur-
ance from Universal. Universal's policy in-
cluded liability coverage for persons who are
strangers to the policy, if they are operating
an insured automobile with the permission of
the insured. Johnson had given Kelvin per-

mission to operate the vehicle involved in the accident.

At the time of the accident, Kelvin was living with his father, Henry Elsing (Henry). National Farmers had issued a policy of insurance to Henry, as the named insured, that provided automobile liability coverage to Henry and others.[1] This policy contained a "Driver Restriction" endorsement, signed by both Henry and Kelvin, that denied liability coverage to Kelvin while he was operating any vehicle to which the policy might apply, except for certain farm trucks.

Both National Farmers and Universal contributed sums toward final settlement of the various claims the Merkels brought against Kelvin. National Farmers then filed a declaratory action in circuit court, seeking reimbursement from Universal for the amounts which National Farmers contributed to the settlement. National Farmers contended it had been under no obligation to provide liability coverage to Kelvin, because the "Driver Restriction" in its policy specifically excludes Kelvin from coverage. Alternatively, in the event it was obligated to provide coverage, National Farmers argued its coverage was secondary to that of Universal. Universal countered that, pursuant to SDCL 58-11-9.3, the "Driver Restriction" was void to the extent of the minimum liability coverage mandated by South Dakota's Financial Responsibility Law. Universal further argued SDCL 58-23-4 operated to establish National Farmers as the primary insurer. The trial court upheld the validity of the "Driver Restriction" and named Universal the primary insurer. The trial court ordered Universal to reimburse National Farmers for the amounts it expended in settlement of the Merkels' claims against Kelvin. Universal appeals.

## DECISION

■ The primary issue in this appeal is whether SDCL 58-11-9.3 allows the "Driver Restriction" endorsement in National Farmers' policy to effectively exclude Kelvin Elsing from liability coverage under the policy. Construction of a statute is a question of law, reviewable de novo. *Rural Pennington County Tax Ass'n v. Dier*, 515 N.W.2d 841, 843 (S.D.1994).

At the time of the accident, SDCL 58-11-9.3 provided:

An insurance policy covering a private passenger automobile or other motor vehicle registered or principally garaged in this state may by written agreement with the named insured exclude a named individual from coverage or contain a restrictive endorsement reducing the limits of liability or collision coverage when the vehicle is operated by a named person or class of persons, provided, however, that the liability coverage may not be less than the minimum prescribed by chapter 32-35 as amended.[2]

National Farmers interprets the requirement of minimum liability coverage in SDCL 58-11-9.3 to apply only in cases where coverage has been reduced, as opposed to totally eliminated. According to this interpretation, no minimum level of liability insurance is required when an individual has been entirely excluded from coverage. Universal counters that the minimum level of coverage prescribed by Chapter 32-35 applies not only to reductions in coverage but also to attempts to exclude named drivers.

1. The liability portion of the National Farmers policy issued to Henry provided in relevant part: "As used only in this Part 'insured person' or 'insured persons' mean: (1) **You** or a relative." The policy defined "relative" as "a person living in **your** household, related to **you** by blood, marriage or adoption, including a ward or foster child."

2. In 1994, the legislature amended SDCL 58-11-9.3 to read:

An insurance policy covering a private passenger automobile or other motor vehicle registered or principally garaged in this state may by written agreement with the named insured exclude a named individual from coverage. The policy may also contain a restrictive endorsement reducing the limits of liability or collision coverage when the vehicle is operated by a named person or class of persons. However, if the policy does provide liability coverage to a person or persons named in a restrictive endorsement, the liability coverage may not be less than the minimum prescribed by chapter 32-35.
1994 S.D.Sess.L. ch. 376.

In resolving this case, we first turn to the rule of statutory construction known as the doctrine of the last antecedent. Under this doctrine, "a modifying clause is confined to the last antecedent." *Rogers v. Allied Mutual Ins. Co.*, 520 N.W.2d 614, 617 (S.D.1994) (citing *Kaberna v. School Bd. of Lead–Deadwood Sch. Dist. 40–1*, 438 N.W.2d 542, 543 (S.D.1989); *Lewis v. Annie Creek Mining Co.*, 74 S.D. 26, 33, 48 N.W.2d 815, 819 (1951)). The modifying clause in SDCL 58–11–9.3 is the language "provided, however, that the liability coverage may not be less than the minimum prescribed by chapter 32–35 as amended." The last antecedent before this clause is the phrase "a restrictive endorsement reducing the limits of liability or collision coverage when the vehicle is operated by a named person or class of persons." Therefore, under the doctrine, the minimum liability coverage limits of Chapter 32–35 should be imposed only when the restrictive endorsement reduces the liability limits available to the named person, not when the person has been entirely excluded from coverage.

 In general, the doctrine of the last antecedent applies "unless there is something in the subject matter or dominant purpose which requires a different interpretation." *Rogers*, 520 N.W.2d at 617 (citing *Kaberna*, 438 N.W.2d at 543; *Annie Creek Mining*, 74 S.D. at 33, 48 N.W.2d at 819). Universal contends the state's Financial Responsibility Act, with its emphasis on compensating individuals injured by negligent drivers, mandates minimum liability coverage even when a policy purports to exclude a named individual. Universal overlooks the clear language of SDCL 58–11–9.3. The statute begins by stating an automobile insurance policy may "*exclude* a named individual from coverage." SDCL 58–11–9.3 (emphasis supplied). In arriving at the intention of the legislature, it is presumed that the words of the statute have been used to convey their ordinary, popular meaning. *Oahe Conservancy Subdistrict v. Janklow*, 308 N.W.2d 559, 561 (S.D.1981) (citations omitted). "Exclude" means "to bar from participation, enjoyment, consideration, or inclusion." Webster's Third New International Dictionary 793 (1971). The plain language of the statute *permits* rather than *prohibits* named driver exclusions. It is flatly inconsistent with any claimed legislative intent to impose minimum coverage for drivers expressly exempted from the policy.

 Furthermore, by urging a minimum level of coverage for excluded drivers, Universal equates a policy exclusion with a policy reduction. If we adopted this interpretation, the clause concerning named driver exclusions would be superfluous. A statute must be read as a whole and effect must be given to all its provisions. *Beitelspacher v. Winther*, 447 N.W.2d 347, 351 (S.D.1989); *Hartpence v. Youth Forestry Camp*, 325 N.W.2d 292, 295 (S.D.1982); *State v. Heisinger*, 252 N.W.2d 899, 903 (S.D.1977). The legislature does not intend to insert surplusage in its enactments. *Revier v. School Bd. of Sioux Falls*, 300 N.W.2d 55, 57 (S.D.1981).

Because the legislature expressly stated that an automobile insurance policy may "exclude a named individual from coverage," we conclude the named driver restriction in National Farmers' policy effectively exempts Kelvin from coverage. The trial court properly required Universal to reimburse National Farmers for sums it paid in settlement of the Merkels' claims against Kelvin.

Affirmed.

SABERS, AMUNDSON and KONENKAMP, JJ., concur.

GILBERTSON, J., not having been a member of the court at the time this case was submitted, did not participate.