COLONIAL INSURANCE COMPANY OF CALIFORNIA, Plaintiff and Appellant,

v.

Chadd A. LUNDQUIST, Defendant,

and

Carol Allen, Garry Allen, and Garry Allen as Special Administrator of the Estate of Sharon Allen, Defendants and Appellees.

No. 18969.

Supreme Court of South Dakota.

Submitted on Briefs May 22, 1995.

Decided Nov. 15, 1995.

Michael J. Schaffer, Davenport, Evans, Hurwitz & Smith, Sioux Falls, for plaintiff and appellant.

Albert Steven Fox, Larson, Sundall, Larson, Schaub & Fox, Chamberlain, for defendants and appellees.

David A. Gerdes of May, Adam, Gerdes and Thompson, Pierre, for Amicus Curie National Association of Independent Insurers.

RUSCH, Circuit Judge.

Colonial Insurance Company of California (Colonial) brought this action pursuant to SDCL 21–24 for a declaratory judgment to determine its rights and obligations in connection with a lawsuit brought against Chadd Lundquist (Lundquist) by the estate of Sharon Allen (Estate). Colonial moved for summary judgment. The trial court denied the motion for summary judgment and Colonial appealed. We affirm.

### FACTS

Colonial issued an automobile liability insurance policy to Lundquist on June 28, 1990. The policy specifically covered Lundquist's vehicle, a 1980 Jeep CJ5. The policy provided liability coverage, uninsured and underinsured motorist coverage, medical payments, and car damage (collision and comprehensive) coverage.

On July 13, 1990, Lundquist, who was nineteen years old, Sharon Allen (Allen), who was fourteen years old, and four others left Chamberlain and drove to a nearby lake for a party which included underage consumption of alcohol.[1] After the weather turned cool, Allen asked Lundquist for permission to drive the Jeep back to town so that she and others could get jackets. After several requests, Lundquist agreed to let Allen drive his vehicle. On the way back to town, the Jeep tipped over and Allen was killed.

Allen's estate sued Lundquist for negligent entrustment of the Jeep to Allen. Estate claims that Lundquist negligently entrusted his Jeep to a young, inexperienced driver who had been drinking, who did not have a valid driver's license and who was unfamiliar with the handling characteristics of high-center off road vehicles.[2]

Colonial claims that the policy does not cover bodily injury or death of the named policyholder or any other "insured person." The insurance company further contends that "insured person," as defined by the policy, includes any person using Lundquist's car with his permission.[3] Since Allen was using

---

1. Subsequent tests showed that Allen was not legally intoxicated but had been drinking.

2. This Court held that "negligent entrustment" is recognized as a cause of action and that it is an action derived from the ownership, operation or usage of a motor vehicle. *Great Central Ins. Co. v. Roemmich,* 291 N.W.2d 772, 775 (S.D.1980).

3. The "Part I, Liability Coverage" portion of the policy defines "insured person" as:
 (a) you;
 (b) a relative or a resident using your insured car;
 (c) any other person using your insured car;
 (d) any other person or organization with respect only to legal liability for acts or omissions of;

the Jeep with Lundquist's permission, Colonial claims she was an "insured person" and therefore she is excluded from recovery for bodily injury under the policy.[4]

## DECISION

### I. STANDARD OF REVIEW

 This case involves construction of the Colonial insurance policy. The construction of a written contract is a question of law. *Isaac v. State Farm Mut. Auto. Ins. Co.*, 522 N.W.2d 752, 755 (S.D.1994). Where an insurance policy is susceptible to different interpretations, the interpretation most favorable to the insured must be adopted. *Prokop v. North Star Mutual Ins. Co.*, 457 N.W.2d 862, 864 (S.D.1990). The trial court's construction of an insurance contract is a question of law which is reviewed de novo. *State Farm Mutual Auto. Ins. Co. v. Vostad*, 520 N.W.2d 273, 275 (S.D.1994). The burden of showing no duty to defend rests on the insurer. *Hawkeye–Security Insurance Co. v. Clifford*, 366 N.W.2d 489, 492 (S.D.1985); *Fort Pierre v. United Fire and Cas. Co.*, 463 N.W.2d 845, 847 (S.D.1990).

### II. SUMMARY JUDGMENT

 In this case Colonial moved for summary judgment. Summary judgment is an extreme remedy which should be awarded only when the truth is clear. It is not a substitute for a trial when there are genuine issues of material fact. The burden of proof is upon the moving party to show clearly that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. A mere surmise that a party will not prevail at trial is not a sufficient basis to grant summary judgment. In deciding a motion for summary judgment, the

evidence must be viewed most favorably to the non-moving party. However, where there are no genuine issues of material fact, summary judgment is looked upon with favor and is particularly adaptable to expose sham claims and defenses. *Wilson v. Great Northern Railway Co.*, 83 S.D. 207, 157 N.W.2d 19 (S.D.1968).

### III. EXCLUSIONS FROM POLICY COVERAGE

The trial court held that SDCL 58–11–9.3 authorizes the exclusion of named persons or classes of persons from coverage by an insurance policy, but that the policy still must provide the minimum amount of insurance required by SDCL 32–35–70.[5] However, after that decision by the trial court, this Court held that SDCL 58–11–9.3 authorizes complete exclusion from coverage for a named person and that no minimum amount of coverage is required for excluded persons. *National Farmers v. Universal*, 534 N.W.2d 63 (S.D.1995).[6]

Although we find that the expressed reason for the trial court's decision is not correct, we believe that it reached the correct result.

### IV. NEGLIGENT ENTRUSTMENT

 This case is different from the usual "insurance coverage" case. Although Allen was driving the Jeep at the time of the accident, the suit instituted by her Estate does not claim negligence on her part. This is not a "negligent operation" case. The suit claims negligence on the part of Lundquist in allowing Allen to use the car. It alleges negligent entrustment and seeks to hold Lundquist, who is the policyholder or "named insured," liable for his own negligence in

(1) any person covered under this part while using your insured car; or
(2) you using any car other than your insured car if the car is not owned or hired by that person or organization.
However, no person shall be considered an insured person if the person uses your insured car without having your permission.

4. The insurance company did provide $2,000 for Allen's funeral expenses as provided in the "Medical Payments" section of the policy. Unlike the liability section of the policy, the medical pay-

ments section provides coverage to insured persons.

5. SDCL 32–35–70 requires minimum insurance coverage of $25,000 for one person or $50,000 for two or more persons arising from one accident.

6. *National Farmers Union, supra,* did not determine and we express no opinion whether total exclusion of coverage or only coverage reduction is allowed for "classes of persons."

allowing Allen to drive his car. As pointed out above, South Dakota has recognized negligent entrustment as a cause of action. The essence of the suit is not a claim that Colonial should pay Allen's Estate for Allen's negligent driving but rather that it should pay for Lundquist's negligence in entrusting his high-centered off road vehicle to a young and inexperienced driver who had been drinking. The negligence at issue is Lundquist's negligence, not Allen's negligence.

■ Clearly Allen cannot claim that she (Allen) was negligent in driving the car and that she can sue herself for her own negligence and that Colonial will be responsible for paying any resulting judgment.[7] We do not agree with Colonial's argument that SDCL 58–11–9.3 allows them to write an exclusion which excludes coverage for the negligent actions of the "named insured."

### V. LIABILITY COVERAGE

Colonial claims that under SDCL 58–11–9.3, it can exclude Allen from any coverage under the policy.[8]

SDCL 58–11–9.3 provides:

An insurance policy covering a private passenger automobile or other motor vehicle registered or principally garaged in this state may by written agreement with the named insured exclude a named individual from coverage. The policy may also contain a restrictive endorsement reducing the limits of liability or collision coverage when the vehicle is operated by a named person or class of persons. However, if the policy does provide liability coverage to a person or persons named in a restrictive endorsement, the liability coverage may not be less than the minimum prescribed by chapter 32–35.

■ This statute authorizes Colonial to exclude or limit "liability coverage" for a person or class of persons. A liability policy is a contract to protect the policy owner and other included persons from liability for damages to persons or property for which they are liable due to their negligence.[9] SDCL 58–11–9.3 authorizes Colonial to exclude or limit any protection for Allen, i.e. they will not defend her if she is sued or pay any damages for which she is found to be responsible.[10] However, that statute does not authorize Colonial to exclude "liability coverage" for Lundquist who purchased the policy. Colonial can not sell Lundquist a policy of insurance purporting to protect him from liability claims as required by SDCL 32–35–70 and then, in the fine print, take that protection away from him. Nowhere in the policy did Colonial exclude or limit liability coverage for Lundquist, the named insured or policyholder.[11] Under SDCL 58–11–9.3, Colonial can exclude liability coverage for Allen but it cannot exclude liability coverage for Lundquist.

In support of its position Colonial relies on *Progressive Preferred Ins. Co. v. Williams,* 864 F.2d 110 (11th Cir.1989). In that case, an unlicensed driver was given permission to drive the defendant's truck. An accident occurred and the insurance company brought a declaratory action to determine its duty to defend against a claim brought by the driver. Relying on Georgia precedent, the Eleventh Circuit held that the unlicensed driver was not covered under defendant's policy "because she cannot plausibly contend that she was an 'innocent victim' of her own unli-

---

7. Similarly, if Lundquist had been in an accident, he could not claim that he negligently injured himself and that he could sue himself for his own negligence and that Colonial should pay any judgment.

8. Under the Liability section of the policy, several exclusions are enumerated. Exclusion (10) excludes "any bodily injury to: (a) you; (b) any other insured person under the policy; ...."

9. *See* 44 C.J.S. *Insurance,* § 9 (1993); 7 Am. Jur.2d *Automobile Insurance,* § 183 (1980).

10. That was exactly the situation in *National Farmers Union Property and Casualty Co. v. Universal Underwriters Ins. Co.,* 534 N.W.2d at 64, in which there was an express policy provision denying liability coverage to Kelvin Elsing.

11. It is safe to say that if Colonial put language in their policy indicating that the policy did not provide liability coverage for the named insured the Division of Insurance would not approve that policy language due to the requirements of SDCL 32–35–70. However, that is exactly the construction that Colonial insists should be put on this language.

censed driving." *Id.* at 112 (citing *Cotton States Mutual Insurance Co. v. Neese,* 254 Ga. 335, 329 S.E.2d 136, 141 (1985)). Therefore, public policy did not require voiding the unlicensed driver exclusion contained in the policy.

However, in *Progressive,* unlike the present case, the plaintiff did not sue for negligent entrustment by the policyholder or named insured, but rather sued to recover damages she sustained as a result of her own negligent driving. For that reason, *Progressive* is distinguishable.

Other jurisdictions which have considered negligent entrustment claims have found coverage for the negligence of the named insured. In *Viking Ins. Co. v. Petersen,* 308 Or. 616, 784 P.2d 437 (1989) the owner of a truck entrusted it to another person. The driver of the truck collided with a motorcycle. The motorcycle driver's estate brought suit against the owner, alleging that the owner negligently entrusted his vehicle to the driver. The insurance company brought a declaratory action for a determination of its duty to defend against this suit. The Oregon Supreme Court held that negligent entrustment is covered under the liability portion of the insurance policy because such claim arises out of the ownership of the vehicle. *Id.,* 784 P.2d at 440. They further held that Oregon's financial responsibility law requires all automobile policies to insure the named insured against loss from liability imposed by law relating to the ownership of a motor vehicle. *See* Or.Rev.Stat. § 806.080(1). Therefore, the Court held that the insurance company could not exclude liability coverage for the named insured and had a duty to defend its insured against the claim.

Similarly a Missouri state appeals court held that an insurance company had a duty to defend against a wrongful death action when the owner of an insured car loaned the car to his brother and his brother's companion. *State Farm Mut. Auto. Ins. Co. v.* *Andrews,* 789 S.W.2d 144, 146 (Mo.Ct.App. 1990). The driver and his companion both died of carbon monoxide poisoning. The estates of the driver and his companion brought wrongful death actions for violation of Missouri's Safety Responsibility Statute. The Court held that the insurance company had to defend because the public policy of Missouri, as stated in the Missouri Safety Responsibility Statute, mandated coverage for loss from the liability imposed by law for damages arising out of the ownership of the vehicle.[12] *See* Mo.Rev.Stat. § 303.190.2 and § 303.190.2(2).

 South Dakota has a financial responsibility statute that is similar to those in Oregon and Missouri. SDCL 32–35–70 provides in pertinent part:

> An owner's policy of liability insurance referred to in § 32–35–68 shall insure the person named therein and any other person as insured, using any insured vehicle or vehicles with the express or implied permission of the named insured, against loss from the liability imposed by law for damages *arising out of the ownership, maintenance, or use of the vehicle....* (emphasis added).

This statute requires that insurance policies provide the owner of vehicles with liability coverage for acts arising out of the "ownership" of the insured vehicle. *Id.*[13] In *Great Central Ins. Co. v. Roemmich,* 291 N.W.2d at 775 this Court held that "negligent entrustment" is a cause of action arising from the "ownership" of a vehicle. Colonial is obligated to provide coverage for that liability.

Colonial argues that this interpretation provides Allen with greater coverage than is provided to Lundquist. Its argument is that since Lundquist is excluded from protection for damages that he might sustain, every permissive driver should be excluded from protection in the same manner.

However, if the driver of a vehicle is an "insured person" under the terms of the

---

**12.** In *Andrews,* 789 S.W.2d at 146, the court addressed the same issue that we have in the present case. They stated:

> It is irrelevant that the third party, as a permissive user, might also be entitled to liability protection under the terms of the policy.

**13.** Colonial's insurance policy with Lundquist states that the policy is to comply with South Dakota's financial responsibility statute.

policy, the driver may not sue the insurance company under the liability section for the driver's own injuries caused by his own negligent acts. This Court is not invalidating that exclusion by this opinion. However, the theory of the present lawsuit, i.e. negligent entrustment, places at issue Lundquist's negligent actions as owner not Allen's negligence as the driver. *See Petersen*, 784 P.2d at 437; *Andrews*, 789 S.W.2d at 144. Therefore, if there was negligent entrustment, the policy must be construed to protect Lundquist from losses for which he is liable based on his actions arising out of the ownership of the vehicle.

### CONCLUSION

■ This Court finds the reasoning in *Petersen* and *Andrews* persuasive. Negligent entrustment is an action to hold the owner of the insured motor vehicle liable for his negligence in acts arising out of the ownership of the vehicle. Since the insurance policy was certified by Colonial to meet the financial responsibility statute in South Dakota and that statute mandates coverage to the owner for acts arising out of the ownership of the vehicle, Colonial must defend Lundquist against the negligent entrustment claim. The trial court order is affirmed.

MILLER, C.J., and SABERS, KONENKAMP and GILBERTSON, JJ., concur.

RUSCH, Circuit Judge, for AMUNDSON, Justice, disqualified.