1999 SD 5

**In the Matter of the Appeal of LAKE PRESTON HOUSING CORPO-RATION, Appellant,**

v.

**SOUTH DAKOTA DEPARTMENT OF LABOR, Appellee.**

No. 20524.

Supreme Court of South Dakota.

Considered on Briefs Dec. 3, 1998.

Decided Jan. 13, 1999.

Marcene J. Smith of Wilkinson & Wilkinson, DeSmet, for appellant.

Drew C. Johnson, Special Assistant Attorney General, Aberdeen, for appellee.

PER CURIAM.

[¶ 1.] Lake Preston Housing Corporation appeals from an order affirming the Department of Labor decision that Donna Keiser is an employee of the corporation rather than an independent contractor. We affirm.

FACTS

[¶ 2.] Donna Keiser was hired February 3, 1993 by Lake Preston Housing to manage its rental housing project. Her duties include collecting and depositing rents, paying bills and preparing reports, arranging for minor repairs, cleaning the common areas, and removing snow from the sidewalks and parking lots. The corporation does not provide an office; Keiser has her own office equipment, consisting of a desk, file cabinet, calculator and telephone, located in her home. The corporation does provide snow removal, lawn care and housecleaning equipment for use in performance of her duties. Keiser pays business expenses, such as telephone and postage, which are not reimbursed by the corporation. Any expense for repair work exceeding $250 is held for bids, with Lake Preston Housing determining which bid will be accepted. Keiser is paid $1350 per month for her services. Her contract is renewed annually by agreement of the parties or terminated by either party with 60 days' notice. She sets her own hours and is not personally supervised by any board member of the housing corporation. Many of the rules and regulations followed by Keiser in perfor-

mance of her duties for the corporation are set by the Farmers Home Administration.

[¶ 3.] When paying Keiser, Lake Preston Housing does not withhold income tax or social security tax from her earnings nor does it pay unemployment insurance tax on her behalf. It does not provide her with vacation or sick leave or health insurance benefits. At the end of the year, Keiser's earnings are reported to the Internal Revenue Service on a Form 1099 as non-employee compensation.

[¶ 4.] The housing corporation previously hired management companies to manage its property. For 18 years, North Central Health Services managed the property until Tealwood Corporation of Minneapolis purchased the nursing home owned by North Central in Lake Preston, South Dakota. At that time, North Central terminated its management contract and Tealwood entered into a management contract with Lake Preston Housing. Tealwood managed the property for one year at which time Melanie Dobson was hired by Lake Preston Housing to manage its rental property. Dobson paid her own unemployment taxes and a subsequent decision of the Department of Labor found her to be an employee of the housing corporation rather than an independent contractor. This decision was not appealed. When Lake Preston Housing hired Keiser it discussed in particular detail with her the expectation that she be hired as an independent contractor. The management agreement between Keiser and Lake Preston Housing contains, *inter alia,* the following provision:

The Owner and the Manager/Caretaker agree that the services to be rendered to the Owner for management services in connection with the terms of this agreement are rendered as an independent contractor and nothing under this agreement is intended nor shall be construed to create an employer/employee relationship, a joint venture relationship or in any manner interpreted to allow the Owner to exercise control and direction over the manner or method by which the Manager/Caretaker provides services that are the subject of this agreement provided that such services are rendered in a professional and compe-

tent manner keeping with the policies and directives of the Owner.

[¶ 5.] A question arose regarding the employment status of Keiser when Lake Preston Housing did not report her for state unemployment insurance tax purposes. Lake Preston Housing asserted Keiser was an independent contractor and therefore not eligible for unemployment insurance benefits. Following a hearing, the Department of Labor determined Keiser was an employee and not an independent contractor as claimed by the housing corporation. This decision was appealed to the Secretary of Labor who affirmed it. It was further appealed to the circuit court where it was affirmed. The corporation now appeals a single issue to this Court: Whether the Department erred in determining Keiser is an employee of Lake Preston Housing Corporation rather than an independent contractor.

### ANALYSIS AND DECISION

[¶ 6.] SDCL 61–1–11 distinguishes between employee and independent contractor for purposes of unemployment insurance tax liability. *Shoppers Guide v. S.D. Dep't of Labor,* 1996 SD 92, ¶ 7, 551 N.W.2d 584, 586. It provides:

> Service performed by an individual for wages is employment subject to this title unless and until it is shown to the satisfaction of the department of labor that:
>
> (1) The individual has been and will continue to be free from control or direction over the performance of the service, both under his contract of service and in fact; and
>
> (2) The individual is customarily engaged in an independently established trade, occupation, profession or business.

Under this statute, it was determined by the Department, and affirmed by the Secretary and the circuit court, that Keiser was free from control or direction in the performance of her duties for Lake Preston Housing. SDCL 61–1–11(1). However, the Department further found, and it was affirmed on appeal, that Keiser was not "customarily engaged in an independently established trade, occupation, profession or business." SDCL 61–1–11(2).

[¶ 7.] The statute presumes an individual is an employee and the burden is on the employer to prove the individual is an independent contractor. Both statutory elements must be established. *Jackson v. Lee's Travelers Lodge, Inc.,* 1997 SD 63, ¶¶ 10–11, 563 N.W.2d 858, 861 (citing *Shoppers Guide,* 1996 SD 92, ¶ 8, 551 N.W.2d at 586; *In re Appeal of Hendrickson's Health Care,* 462 N.W.2d 655, 658 (S.D.1990)). Whether a person is an employee or independent contractor is a mixed question of law and fact and is fully reviewable by this Court. *Jackson,* 1997 SD 63, ¶ 9, 563 N.W.2d 858.

[¶ 8.] Under the first element of SDCL 61–1–11, the Department found Keiser free from control by Lake Preston Housing in the performance of her duties. The evidence shows Keiser set her own hours. A housing corporation board member testified the corporation was unconcerned as to when or the manner in which Keiser performed her duties as long as the work was done in compliance with FmHA rules and regulations. The management agreement actually lists Keiser's duties in sufficient detail that it could be found that Lake Preston Housing directed her performance of service.[1] However, the more significant issue is whether Keiser is customarily engaged in an independently established trade, occupation, profession or business.

[¶ 9.] The Department found Lake Preston Housing did not carry its burden of proof under this second statutory element. In *Hendrickson's,* we held the requirement that an employee's occupation be independently established and that she be customarily engaged in it, calls for an enterprise created and existing separate and apart from the relationship with the particular employer, an enterprise that will survive the termination of that relationship, and an enterprise in which the individual must have a proprietary interest to the extent that she can operate it

---

1. This document and its addendum provide a 7–page, single-spaced outline of Keiser's duties and responsibilities.

without hindrance from any other individual. 462 N.W.2d at 659. The facts show Keiser has no property management enterprise existing apart from her position with Lake Preston Housing. She testified she does not have a sales tax license, a business telephone listing, business cards, nor does she advertise her management services to the public. Prior to her position with Lake Preston Housing, Keiser provided bookkeeping services, without remuneration, to her husband's now-defunct trucking business. Keiser stated she considers her work with the housing corporation to be "full-time" and thus does not seek out other "customers."

■ [¶ 10.] Lake Preston Housing concedes this but argues its legal claim should not fail because Keiser's time is so consumed by her current duties that she has no other activities that would constitute such a business. The number of hours an individual is involved with an employer's activities is not the test under this second element of SDCL 61–1–11. If Keiser had a separate property management business, she could readily hire her own employees to perform some of the housekeeping-type duties that currently take up her time at Lake Preston Housing. In the alternative, she could consume her time with this one client but the facts would show she had a separate, established venture that existed independently from her duties at Lake Preston Housing. The facts demonstrate that Keiser has no enterprise created and existing separate and apart from her employment relationship with the housing corporation. *See Jackson,* 1997 SD 63, ¶ 13, 563 N.W.2d 858.

■ [¶ 11.] Lake Preston Housing finally argues:

Whether the services requested by Lake Preston Housing are performed under an independent contractor. status should not depend on who Lake Preston Housing contracts with. There was an independent contractor status between Lake Preston Housing and North Central Heart [sic] and Tealwood, and nothing has changed with the contract between Lake Preston Housing and Keiser.

This statement illustrates the purpose of the unemployment compensation statutes. Whether an individual is found to be an independent contractor or an employee, and thus requiring payment of unemployment insurance tax by the employer, is exactly dependent on with whom the employer contracts. When Lake Preston terminated its management contract with North Central Health Services and Tealwood, these two entities carried on with their independently established businesses. By engaging in an independent economic enterprise, the independent contractor has assumed the risk of his or her own unemployment. *See Midland Atlas Co. v. S.D. Dep't of Labor,* 538 N.W.2d 232, 236 (S.D.1995); *Egemo v. Flores,* 470 N.W.2d 817, 822 (S.D.1991); *Hendrickson's,* 462 N.W.2d at 659 ("Whether or not she is unemployed is solely a function of market forces and the demand for her skills, not the response of her master to similar economic realities."). An individual who is not customarily engaged in an independently established business or profession has not assumed this risk. The risk of unemployment remains with the employer as reflected in the statutory presumption found in SDCL 61–1–11.

■ [¶ 12.] The protection provided by this statute reflects legislative public policy which cannot be eliminated by private contract between two parties. *Billion v. Billion,* 1996 SD 101, 553 N.W.2d 226, 230–31 n4; *Farmland Ins. Cos. of Des Moines v. Heitmann,* 498 N.W.2d 620, 623–24 (S.D. 1993); *State ex rel. Meierhenry v. Spiegel, Inc.,* 277 N.W.2d 298, 300 (S.D.1979)(" '[F]reedom of contract is not an absolute right or superior to the general welfare of the public.' "); *Connolly v. Connolly,* 270 N.W.2d 44, 46–47 (S.D.1978).[2] "An employer's superior bargaining position may enable him to deceptively structure an employment relationship to his own tax or liability advantage, and the worker may be in

---

**2.** Further, the housing corporation's practice of not withholding federal income tax or social security and of reporting to the Internal Revenue Service compensation paid on Form 1099 cannot transform the relationship to that of independent contractor and contractee. *See Hendrickson's,* 462 N.W.2d at 656.

no position to object—even if he understands what the employer is doing or that it is not in the worker's best interests." *Egemo,* 470 N.W.2d at 826 (Sabers, J., dissenting). *See Jensen v. Sport Bowl, Inc.,* 469 N.W.2d 370, 372 (S.D.1991) (citing SDCL 53–5–3, –4 and 53–9–1 and noting that "under South Dakota law, any contract is 'void' insofar as its object is unlawful."); *cf. Colonial Ins. Co. v. Lundquist,* 539 N.W.2d 871, 874 (S.D.1995) (holding insurer may not provide coverage as required by statute and "then, in the fine print, take that protection away[.]").

[¶ 13.] Keiser has no established trade, occupation, profession or business that continues beyond her employment with Lake Preston Housing. The Department correctly determined Keiser is an employee and not an independent contractor. We affirm.

[¶ 14.] MILLER, Chief Justice, SABERS, AMUNDSON, KONENKAMP, and GILBERTSON, Justices, participating.

