**Amber TAPIO and Sunny Big Eagle, Plaintiffs and Appellees,**

v.

**GRINNELL MUTUAL REINSURANCE COMPANY, also known as The Grinnell Mutual Group Company, Defendant and Appellant,**

and

**Delores Sazue, Defendant.**

**No. 21283.**

Supreme Court of South Dakota.

Considered on Briefs Sept. 18, 2000.

Decided Nov. 29, 2000.

Lee C. "Kit" McCahren of Olinger, Lovald, Robbennolt and McCahren, Pierre, Attorneys for plaintiffs and appellees.

John H. Billion of May, Johnson, Doyle & Becker, Sioux Falls, Attorneys for defendant and appellant.

GILBERTSON, Justice

[¶ 1.] Amber Tapio and Sunny Big Eagle (Tapio) brought a declaratory judgment action against Grinnell Mutual Reinsurance Company (Grinnell) to determine whether Grinnell was obligated to provide coverage to Delores Sazue, the named insured on a policy issued by Grinnell. Grinnell appeals from an order granting summary judgment in favor of Tapio. We reverse.

## FACTS AND PROCEDURE

[¶ 2.] There is no dispute as to the facts leading up to this appeal. On March 28, 1997, Sean Sazue was driving a car owned by his mother, Delores Sazue. While driving the vehicle, Sean negligently collided with Tapio. At all times material to this action, Delores' vehicle was insured by a policy issued by Grinnell. Included with that policy was a Driver Restriction Endorsement (endorsement). This endorsement was signed by Delores and stated that "[i]t is agreed that this policy will not provide coverage for any accident or claim while any vehicle is being operated by Sean Andrew Sazue."

[¶ 3.] Tapio brought a personal injury lawsuit against Sean for his personal negligence and separately against Delores for negligent entrustment of her vehicle to Sean, to recover for injuries sustained in the accident. The lawsuit against Sean was settled for the policy limits of his personal insurance, leaving only the negligent entrustment claim against Delores. Grinnell claimed that because the endorsement excludes coverage for any accident *or claim* while the vehicle is being operated by Sean, it also excludes coverage for the claim against Delores. Because the negligent entrustment claim arose out of Sean's operation of Delores' vehicle, Grinnell claimed that no coverage existed.

[¶ 4.] Tapio then initiated this declaratory judgment action to determine Grinnell's duties under the policy. Both sides moved for summary judgment. After a hearing, the trial court entered summary judgment in favor of Tapio. Grinnell appeals, raising this single issue:

> Whether the trial court erred in concluding that Grinnell's driver restriction endorsement did not exclude coverage to the named insured.

## STANDARD OF REVIEW

[¶ 5.] The standard of review of a circuit court's order of summary judgment is well settled and was recently reiterated in *Holzer v. Dakota Speedway, Inc.,* 2000 SD 65, 610 N.W.2d 787.

> Summary judgment is authorized "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." SDCL 15–6–56(c). We will affirm only when there are no genuine issues of material fact and the legal questions have been correctly decided. *Bego v. Gordon,* 407 N.W.2d 801, 804 (S.D.1987). All reasonable inferences drawn from the facts must be viewed in favor of the non-moving party. *Morgan v. Baldwin,* 450 N.W.2d 783, 785 (S.D.1990). The burden is on the moving party to clearly show an absence of any genuine issue of material fact and an entitlement to judgment as a matter of law. *Wilson v. Great N. Ry. Co.,* 83 S.D. 207, 212, 157 N.W.2d 19, 21 (1968).

*Id.,* ¶ 8, 610 N.W.2d at 791–92 (citing *Kimball Investment Land, Ltd. v. Chmela,* 2000 SD 6, ¶ 7, 604 N.W.2d 289, 292). Furthermore, "[w]hen interpreting insurance contracts, we have uniformly held them reviewable as a matter of law under the de novo standard." *National Sun Indus., Inc., v. S.D. Farm Bureau Ins. Co.,* 1999 SD 63, ¶ 7, 596 N.W.2d 45, 46 (citing

*Opperman v. Heritage Mut. Ins. Co.,* 1997 SD 85, ¶ 3, 566 N.W.2d 487, 489 (citations omitted)).

## ANALYSIS AND DECISION

[¶ 6.] The endorsement in this case is clear and unambiguous as to its effect. As it was signed by Delores, she must be deemed to know of its existence. *Holzer,* 2000 SD 65, ¶ 39, 610 N.W.2d at 797 (quoting *LPN Trust v. Farrar,* 1996 SD 97, ¶ 13, 552 N.W.2d 796, 799). Thus, the validity of the endorsement becomes a question of whether it is legally permissible under our statutes or whether it conflicts with the statutory requirement of financial responsibility for the owners of a vehicle in this state.

[¶ 7.] Grinnell claims that the endorsement is permissible under SDCL 58–11–9.3 which provides, in relevant part, that "[a]n insurance policy covering a private passenger automobile or other motor vehicle registered or principally garaged in this state may by written agreement with the named insured exclude a named individual from coverage." In addition, our precedent requires that a restrictive endorsement be on a sheet of paper separate from the body of the policy. *See Mid–Century Ins. Co. v. Lyon,* 1997 SD 50, 562 N.W.2d 888. The endorsement used by Grinnell was in writing, excluded a specific person, and was attached to the policy as a separate sheet of paper. Therefore, Grinnell argues, it comports to the requirements of SDCL 58–11–9.3 and our precedent and is valid.

[¶ 8.] Tapio argues that our decision in *Colonial Ins. Co. of Cal. v. Lundquist,* 539 N.W.2d 871 (S.D.1995) requires us to find the endorsement invalid. In that case, Lundquist allowed Allen, a fourteen-year-old girl, to drive his Jeep CJ5 after she had been drinking. Allen was killed when she lost control of the vehicle, causing it to roll on its top. Her estate sued Lundquist for negligent entrustment. Colonial, as Lundquist's liability insurer, denied coverage under the policy's omnibus clause.

The policy in question did not cover bodily injury or death to the named insured (Lundquist) or any other "insured person." Because the policy defined "insured person" to include any person permissively using Lundquist's vehicle, Colonial claimed that Allen was also an "insured person" and therefore excluded from coverage. In finding the exclusion invalid, we stated that SDCL 58–11–9.3 did not permit an insurer to sell "a policy of insurance purporting to protect him from liability claims as required by SDCL 32–35–70 and then, in the fine print, take that protection away from him." *Lundquist,* 539 N.W.2d at 874.

[¶ 9.] We find our decision in *Lundquist* to be factually distinguishable. *Lundquist* did not involve a restrictive endorsement. Rather, Colonial was attempting to avoid coverage under a general provision buried within Lundquist's policy. The restrictive endorsement used by Grinnell herein was on a sheet of paper separate from the rest of the policy. In addition, it clearly stated that Grinnell would not provide coverage for any accident or claim that arose while a named individual, Sean Sazue, was driving Delores' vehicle. In contrast, no specific individual was excluded in Lundquist's policy. Nor was the purported exclusion in Lundquist explicitly stated as was done here. The exclusion used by Grinnell follows the requirements of SDCL 58–11–9.3 and our precedent and is therefore valid. Because this claim against Delores, even when couched in terms of negligent entrustment, is a claim arising from Sean's operation of the vehicle, coverage is excluded under the endorsement.

[¶ 10.] Nor are we compelled to find coverage because the exclusion allegedly violates the public policy found in South Dakota's financial responsibility laws. As a specific provision, SDCL 58–

11–9.3 will prevail over provisions that are more general when there is an apparent conflict. *State v. Greger,* 1997 SD 14, ¶ 21, 559 N.W.2d 854, 864. When it enacted SDCL 58–11–9.3, the legislature explicitly provided that exclusions, such as the one used here, are permissible. This legislative mandate will be given priority over other, more general, provisions. In certain situations, the owner of a vehicle may not be able to secure affordable coverage unless an unacceptable driver is excluded. In those situations, it is "in the best interests of the parties and the public to require the insurer to continue liability coverage on the express condition that the named insured agree the insurer will not be liable for any claims based on conduct of the unacceptable driver." *State Farm Auto. Ins. Co. v. Dressler,* 153 Ariz. 527, 738 P.2d 1134, 1138 (1987). *See also Wright v. Rodney D. Young Ins. Agency,* 905 S.W.2d 293 (Tex.App.1995) (finding that a restrictive endorsement did not violate public policy by excluding coverage for negligent entrustment claim against insured); *Brown v. Ohio Casualty Ins. Co.,* 63 Ohio App.2d 87, 409 N.E.2d 253 (1978) (financial responsibility laws not violated by restrictive endorsement). When it enacted SDCL 58–11–9.3, the legislature created this limited exception in furtherance of those policy concerns.* We are bound by its determination.

[¶ 11.] Because this limitation on coverage is permissible under SDCL 58–11–9.3, it will be read pursuant to its clear and unambiguous language. Delores agreed that she would not be insured for any accident or claim arising out of the operation of her vehicle by her son, Sean. The alleged negligent entrustment at issue arose as a result of Sean's operation of her

---

* It should be noted that the Legislature did not intend to preclude all negligent entrustment claims, only those claims arising from entrustment to the excluded individual. The insured's policy remains intact for negligent entrustment to other drivers.

vehicle. Therefore, Grinnell is not obligated to provide coverage.

[¶ 12.] Judgment reversed.

[¶ 13.] MILLER, Chief Justice, and SABERS, AMUNDSON and KONENKAMP, Justices, concur.