Argued and submitted February 13, affirmed July 11, 1984

# SHELL OIL COMPANY,
*Appellant,*

*v.*

# EMPLOYERS INSURANCE OF WAUSAU,
*Respondent.*

(A8207-04456; CA A28997)

684 P2d 622

William N. Mehlhaf, Portland, argued the cause for appellant. With him on the brief was Burns & Mehlhaf, Portland.

Jas. Jeffrey Adams, Portland, argued the cause for respondent. With him on the brief was Mitchell, Lang & Smith, Portland.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

In this action for indemnity, plaintiff appeals a summary judgment in favor of defendant. The indemnity claim arises out of a negligence action brought by Jack Wamsley against plaintiff for injuries allegedly sustained on plaintiff's premises. Plaintiff settled that action and now seeks to recover from defendant the full amount of the settlement, costs, expenses and attorneys fees incurred in the negligence action and in this action. We affirm.

In April, 1979, Wamsley, a truck driver for Northwest Agricultural Cooperative Association (NACA), drove a NACA truck to plaintiff's Willbridge Terminal, where the truck was to be loaded. Wamsley and his co-driver proceeded to load oil drums on the truck. He was injured when a forklift, operated by one of plaintiff's employes, struck a barrel jack that he was holding. Because defendant had issued a "business auto" liability policy to NACA, plaintiff tendered the defense of the Wamsley action to defendant. Plaintiff essentially contends that, at the time of the accident, it was a "permissive user" of the NACA vehicle and, as such, is an insured under the omnibus clause in the policy issued by defendant to NACA. Defendant rejected the tender because of policy exclusions. For purposes of this appeal, defendant concedes that the act of loading the truck is a permissive use and that, except for the exclusions, plaintiff would be entitled to coverage. Accordingly, there are no genuine issues of material fact. The dispositive issue is whether defendant is entitled to judgment as a matter of law. ORCP 47C.

Plaintiff contends that the exclusions are unenforceable, because they violate Oregon's Financial Responsibility Law, and that they are against public policy.

The omnibus clause[1] in defendant's policy provides:

"D.   WHO IS INSURED.

"2.   Anyone else is an insured while using with your permission a covered auto you own, hire or borrow * * *."

---

[1] An omnibus clause in a standard vehicle liability policy is intended to extend coverage to anyone using the insured's vehicle with permission.

Defendant relies on three exclusions.[2] The first is a mechanical loading exclusion:[3]

"This insurance does not apply to:

"* * * * *

"Bodily injury or property damage resulting from the movement of property by a mechanical device (other than a handtruck) not attached to the covered auto."

The second is for persons loading the vehicle:[4]

"(2) Anyone else is an insured while using with your permission a covered auto you own, hire or borrow, except:

"* * * * *

"(c) Anyone other than your employees, a lessee or a borrower or any of their employees, while moving property to or from a covered auto."

The third exclusion is for the employer's injured employes:[5]

"This insurance does not apply to:

"* * * * *

---

[2] The first two exclusions are contained in a policy endorsement. The third exclusion is in the policy.

[3] This exclusion is in issue, because it is undisputed (on this appeal) that plaintiff's employe was moving property to the NACA truck with a forklift.

[4] This exclusion is in issue, because plaintiff's employe is not an employe of NACA or a borrower or lessee.

[5] This exclusion is in issue, because Wamsley was an employe of NACA, the insured. ORS 486.546 provides:

"The Motor Vehicle Liability Insurance policy required by this chapter need not insure any liability under any workers' compensation law; nor any liability on account of bodily injury to or death of an employe of the insured while engaged in the employment, other than domestic, of the insured, or while engaged in the operation, maintenance or repair of a vehicle; nor any liability for damage to property owned by, rented to, in charge of, or transported by the insured."

Although arguably ORS 486.546 expressly includes this third exclusion, we interpret the exclusion's reference to "the insured" as meaning the omnibus insured. *Compare General Ins. Co. v. Saskatchewan Gov. Ins. Office,* 238 Or 8, 391 P2d 616 (1964); *Cimarron Ins. Company v. Travelers Ins. Co.,* 224 Or 57, 355 P2d 742 (1960), *overruled on other grounds, Liberty Mut. Ins. v. Truck Ins.,* 245 Or 30, 37, 420 P2d 66 (1966). Defendant concedes that such an interpretation renders the exclusion inapplicable.

"(5)  Bodily injury to any employe of the insured arising out of and in the course of his employment by the insured. * * *"

Plaintiff's argument, that the exclusions are ineffective because the Financial Responsibility Law mandates minimum requirements for coverage, is predicated on ORS 486.011(7), ORS 486.541(2) and, alternatively, ORS 486.411. The 1977 version of ORS 486.011(7)[6] defines "future responsibility" or "financial responsibility" to mean

"* * * the ability to respond in damages for liability, on account of accidents arising out of the ownership, operation, maintenance, or use of a motor vehicle in the following amount:

"(a)  $15,000 because of bodily injury to or death of one person in any accident; (b) subject to that limit for one person, $30,000 because of bodily injury to or death of two or more persons in any one accident; and (c) $5,000 because of injury to or destruction of the property of others in any one accident." Or Laws 1977, ch 894, § 6.

ORS 486.541(2) requires that "[e]very motor vehicle liability insurance policy issued for delivery in this state shall provide liability coverage to at least the limits specified in ORS 486.011(7)." Plaintiff essentially contends that these two statutes, construed together, mandate omnibus coverage to the limits set forth in ORS 486.011(7). We disagree. For purposes of the present case, we interpret "the limits" referred to in ORS 486.541(2) to mean the monetary amount set forth in ORS 486.011(7), not the scope of coverage.[7] The cases cited by plaintiff from other jurisdictions[8] are premised on statutes

---

[6] The injury occurred before the effective date of a 1979 amendment (Or Laws 1979, ch 871, § 31), which increased the monetary limits.

[7] ORS 486.011(11) provides:

" 'Motor vehicle liability insurance policy' means a policy or part of a policy either designating by explicit description or by appropriate reference all motor vehicles for which coverage is provided by the policy and insuring the named insured *and all other persons insured under the terms of the policy* against loss from the liabilities imposed by law for damages arising out of the ownership, operation, use or maintenance of those motor vehicles." (Emphasis supplied.)

The emphasized language provides support for our conclusion that not *all* permissive users are, by statute, mandatorily covered under a motor vehicle liability insurance policy.

[8] *See, e.g.,* Ariz Rev Stat Ann 28-1170(b) and NY Vehicle & Traffic Law § 345(b).

significantly different from the applicable provisions of Oregon's Financial Responsibility Law and are inapplicable.[9]

Affirmed.

---

[9] We see no public policy issue beyond the terms of the statutes.