Argued and submitted January 7, reversed and remanded for further proceedings
August 30, 2000

# SAFECO INSURANCE COMPANY
# OF AMERICA,
a Washington corporation,
*Appellant,*

*v.*

# AMERICAN HARDWARE MUTUAL
# INSURANCE COMPANY,
an Ohio corporation,
*Respondent.*

## (97-4286-E1; CA A105111)

9 P3d 749

Garrison F. Turner argued the cause and filed the briefs for appellant.

Andrew C. Balyeat argued the cause for respondent. With him on the brief was Merrill O'Sullivan, LLP.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

EDMONDS, P. J.

**EDMONDS, P. J.**

Plaintiff appeals from a declaratory judgment, ORS 28.010, that awarded defendant summary judgment. ORCP 47. The judgment declares that a permissive user of a vehicle of defendant's insured was not "an insured" under defendant's insured's policy and that the policy did not violate Oregon's Financial Responsibility Law (FRL).[1] We reverse.

For purposes of summary judgment, the following facts are not in dispute. Butler Ford is an automobile dealership that was insured by American Hardware under a garage liability policy. On November 2, 1995, Joshua Zander, a customer of Butler Ford, was given permission to test drive a vehicle from Butler's car lot. During the test drive, Zander was involved in an automobile accident with Ignacia Ariza. Ariza sued Zander for personal injuries arising out of the accident. Zander was an insured under a policy issued by Safeco. Safeco defended Zander in the litigation and eventually settled with Ariza, paying an amount within Zander's policy limits and apparently an amount in excess of the minimum payment required by the FRL.

Safeco then filed the complaint for declaratory relief against American Hardware in this case. It requested, in part:

"a declaration that American Hardware Mutual Insurance Company's insurance Policy No. 5-2327097 violates the financial responsibility law, [that it] provides coverage for the above-referenced auto accident to Joshua Zander, and that it is required to participate on a pro-rata basis with Safeco Insurance company in defending him and indemnifying him for all damages [that] he is legally obligated to pay to Ignacia Ariza in the above referenced law suit, or otherwise."

Thereafter, the parties filed cross-motions for summary judgment.[2]

---

[1] Plaintiff is Safeco Insurance Company of America, and defendant is American Hardware Mutual Insurance Company. For convenience in this opinion, we will refer to them as "Safeco" and "American Hardware."

[2] The parties stipulated to the filing of an amended complaint that, in part, framed the issues for the summary judgment proceeding.

The trial court granted American Hardware's motion and denied Safeco's motion. The trial court reasoned:

> "The purpose of the [FRL] is to protect victims who are injured or damaged as a result of motor vehicle accidents. In this case, two insurance companies are arguing over who should pay and[,] if both, how much each should pay. Under both policies, the 'victim' is covered in the required amount. Safeco contends that American Hardware cannot shift its statutory obligation to Safeco. If the goal is to create equality between all types of insurance policies that cover automobile accidents, then Safeco's position is well taken. However, the appropriate goal is the one set by the Oregon legislature. That goal is to protect victims of accidents. American Hardware's policy does this. It limits its coverage to tortfeasors driving its named insureds' vehicles that do not have adequate insurance and limits the total coverage to the minimums required by law. It is clear that the Oregon legislature did not intend to make equality between insurance carriers its goal. ORS 806.080(2) indicates that the financial responsibility law requirements may be fulfilled by policies of one or more carriers when taken together. It is clear that the goal is to require the tortfeasor to maintain adequate insurance to fulfill the requirements of the law and protect the victim. American Hardware's policy excludes from its definition of an insured the tortfeasor in this case. That exclusion does not violate the requirements of the [FRL] nor does it violate the Oregon Insurance Code."

Accordingly, the trial court ruled that Zander was not an insured under American Hardware's policy and that the policy did not violate the FRL.

■ On appeal, Safeco's first assignment of error reasserts its argument that American Hardware's policy violates the FRL. Specifically, Safeco argues that the FRL requires that all motor vehicle liability policies cover all permissive users unless ORS 742.450 authorizes an exception and that ORS 742.450 does not authorize the exclusion of permissive users who have other available insurance. American Hardware's policy provides that a customer of Butler Ford, who is using a vehicle of Butler's with its permission, is not an insured unless the customer has "no other available insurance" or "[h]as other available insurance * * * less than the

compulsory or financial responsibility law limits * * * ." It follows, according to Safeco, that American Hardware has excluded permissive users in violation of the FRL, and its policy must be read to include coverage for Zander.

American Hardware counters:

"The subject American Hardware policy is not violative of Oregon's Financial Responsibility Law for three reasons. First, ORS 806.080(2) specifically provides that financial responsibility requirements may be fulfilled by the policies of one or more insurance carriers which policies together meet such requirements. Second, the American Hardware policy satisfies the objective of Oregon's Financial Responsibility Law in that it ensures that motor vehicle drivers can respond in damages for liability. Finally, American Hardware's policy does not attempt to limit liability insurance, but rather, establishes priorities of coverage of different policies consistent with general underwriting principles."

When reviewing a summary judgment on appeal,

"[w]e review to ascertain whether the moving party has shown that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. In so doing, we view the record in the light most favorable to the party opposing the summary judgment." *Quillen v. Roseburg Forest Products, Inc.*, 159 Or App 6, 9, 976 P2d 91 (1999). *See also* ORCP 47 C.

To resolve the issue raised by Safeco's argument, we must examine the pertinent policy language and interpret the relevant statutes. Because American Hardware relies on ORS 806.080(2), our task is to discern the legislature's intent by examining the text of that statute within the context of the FRL and other pertinent statutes. "As a part of context, [a] court considers, among other things, other provisions of the same statute, other related statutes, prior versions of the statute, and this court's decisions interpreting the statute." *Jones v. General Motors Corp.*, 325 Or 404, 411, 939 P2d 608 (1997). Additionally, "any prior judicial construction of the same or similar language" by the Supreme Court is relevant to our examination. *Magee v. Dyrdahl*, 144 Or App 270, 275, 926 P2d 319 (1996). If possible, we adopt "a construction that will give effect to all provisions of a statute." *NW Alliance for*

*Market Equality v. Dept. of Rev.*, 318 Or 129, 133, 862 P2d 1300 (1993); *see also* ORS 174.010.

The predicate to Safeco's argument is that Zander is an insured under American Hardware's policy. The provision in American Hardware's policy on which it relies for its argument that Zander is not an insured under its policy is derived from the policy's definition of "Who Is An Insured." The policy states:

"**1. WHO IS AN INSURED**

"a. The following are 'insureds' for covered 'autos'.

"\* \* \* \* \*

"**(2)** Anyone else while using with your permission a covered 'auto' you own, hire or borrow except:

"\* \* \* \* \*

"**(d)** Your customers, if your business is shown in the Declarations as an 'auto' dealership. However, if a customer of yours

"**(i)** Has no other available insurance (whether primary, excess or contingent), they are an 'insured' but only up to the compulsory or financial responsibility law limits where the covered 'auto' is principally garaged.

"**(ii)** Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered 'auto' is principally garaged, they are an 'insured' only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance." (Boldface in original.)

Safeco's argument arises because Zander was an insured under Safeco's policy at the time of the accident and Safeco settled with Ariza on behalf of Zander for an amount apparently in excess of the requirements of the FRL. In other words, Zander had other "available insurance" with Safeco that apparently met the requirements of the FRL. It follows that Zander is not an "insured" under the terms of American

Hardware's policy. Based on those circumstances, Safeco contends that American Hardware's policy violates the FRL because the FRL requires that a policy cover all permissive users, and American Hardware's policy fails to comply with that requirement.

■■ For purposes of this case, the pertinent statutes are ORS 742.450, ORS 806.080 and other related statutes. ORS 742.450 provides, in part:[3]

"(1) Every motor vehicle liability insurance policy issued for delivery in this state shall state the name and address of the named insured, the coverage afforded by the policy, the premium charged therefor, the policy period and the limits of liability.

"(2) Every motor vehicle liability insurance policy issued for delivery in this state shall contain an agreement or indorsement stating that, as respects bodily injury and death or property damage, or both, the insurance provides either:

"(a) The coverage described in ORS 806.070 and 806.080; or

"(b) The coverage described in ORS 806.270.

"(3) The agreement or indorsement required by subsection (2) of this section shall also state that the insurance provided is subject to all the provisions of the Oregon Vehicle Code relating to financial responsibility requirements as defined in ORS 801.280 or future responsibility filings as defined in ORS 801.290, as appropriate.

"(4) Every motor vehicle liability insurance policy issued for delivery in this state shall provide liability coverage to at least the limits specified in ORS 806.070.

"(5) A motor vehicle liability insurance policy issued for delivery in this state may exclude by name from coverage required by subsection (2)(a) of this section any person other than the named insured, for any of the reasons stated in subsection (6) of this section. When an insurer excludes a

---

[3] In 1999, the legislature amended ORS 742.450. Or Laws 1999, ch 438, § 2. The legislature added ORS 742.450(5), and ORS 742.450(5) and (6) (1997) were renumbered as ORS 742.450(6) and (7) respectively. *Id.* Because there were no substantive changes to ORS 742.450 (6) and (7), we cite to the current version of the statute.

person as provided by this subsection, the insurer shall obtain a statement or indorsement, signed by each of the named insureds, that the policy will not provide any coverage required by subsection (2)(a) of this section when the motor vehicle is driven by any named excluded person.

"(6) A person may be excluded from coverage under a motor vehicle liability insurance policy as provided in subsection (5) of this section:

"(a) Because of the driving record of the person. The Director of the Department of Consumer and Business Services by rule may establish restrictions on the use of the driving record in addition to other restrictions established by law.[4]

"(b) Because of any reason or set of criteria established by the director by rule."

ORS 806.080 provides, in part:

"(1) A motor vehicle liability insurance policy used to comply with financial responsibility requirements under ORS 806.060[5] must meet all of the following requirements:

---

[1] OAR 836-058-0010 provides:

"An insurer may exclude by name a person other than the named insured from the coverage required by ORS 742.450(2)(a) to be provided in a motor vehicle liability insurance policy issued for delivery in this state, for any of the following reasons:

"(1) The excluded person is higher rated than the named insured and the difference between the annualized premium that the named insured would pay on the liability coverage under the policy including the higher rated person and the annualized premium that the named insured would pay on the policy excluding the higher rated person would cause financial hardship as described in this section to the named insured. For the purpose of this section:

"(a) A financial hardship is caused only if the difference exceeds $1,000;

"(b) Premium owing to rating for a high performance vehicle or a sports car shall be excluded for the purpose of determining whether financial hardship is caused;

"(2) The excluded person's Oregon driver's license is suspended pursuant to ORS 809.410(4);

"(3) The excluded person's Oregon driver's license is suspended pursuant to ORS 809.410(16)."

[5] ORS 806.060 provides, in part:

"A person who is required to comply with the financial responsibility requirements of this state must be able to respond in damages, in amounts required under this section, for liability on account of accidents arising out of the ownership, operation, maintenance or use of motor vehicles and must establish that ability by one of the methods required by this section. All of the following apply to the financial responsibility requirements of this state:

"*  *  *  *  *

"(b)   It must insure the named insured and all other persons insured under the terms of the policy against loss from the liabilities imposed by law for damages arising out of the ownership, operation, use or maintenance of those motor vehicles by persons insured under the policy. The policy must include in its coverage all persons who, with the consent of the named insured, use the motor vehicles insured under the policy, except for any person specifically excluded from coverage under ORS 742.450.

"(c)   It must provide the minimum limits of coverage required under ORS 806.070.[6]

"(2)   *The requirements for the insurance may be fulfilled by the policies of one or more insurance carriers which policies together meet such requirements.*" (Emphasis added.)

American Hardware's argument that its policy complies with the FRL focuses on the language of ORS 806.080(2). Although similar statutory language has been a

---

"(1)  To meet the financial responsibility requirements, a person must be able to respond in damages in amounts not less than those established under the payment schedule under ORS 806.070.

"(2)  A person may only comply with the financial responsibility requirements of this state by establishing the required ability to respond in damages in one of the following ways:

"(a)  Obtaining a motor vehicle liability policy meeting the requirements under ORS 806.080 that will provide at least minimum limits necessary to pay amounts established under the payment schedule under ORS 806.070."

[b] ORS 806.070 provides, in part:

"(1)  This section establishes a schedule of payments for the following purposes:

"(a)  An insurance policy described under ORS 806.080 must provide for payment of at least amounts necessary to cover the minimum required payments under this section to qualify for use for financial responsibility under ORS 806.060.

"*  *  *  *  *

"(2)  The schedule of payments is as follows:

"(a)  $25,000 because of bodily injury to or death of one person in any one accident;

"(b)  Subject to that limit for one person, $50,000 because of bodily injury to or death of two or more persons in any one accident; and

"(c)  $10,000 because of injury to or destruction of the property of others in any one accident."

part of Oregon law since the legislature enacted the Uniform Motor Vehicle Safety Responsibility Act in 1935,[7] our research does not reveal that the language of ORS 806.080(2) or its predecessors has ever been interpreted by us or the Supreme Court. However, as the Supreme Court has said:

> "The motor vehicle liability insurance statutes, ORS 742.449 to 742.466, and the FRL, ORS chapter 806, provide a comprehensive scheme under which both drivers and vehicle owners are required to have liability insurance or a permissible substitute therefore. Motor vehicle liability insurance insures people from liability arising from the use of vehicles based on two elements, the driver, the vehicle, or both. Above all, the statutory scheme seeks to ensure that motor vehicle accident victims are compensated for their injuries." *Viking Ins. Co. v. Perotti*, 308 Or 623, 628, 784 P2d 1081 (1989).

Additionally, we recognize that

> "[u]nder Oregon law, every motor vehicle liability insurance policy issued for delivery in Oregon must, at the least, provide coverage in the amounts required by statute. ORS 742.450. *See Viking Ins. Co. v. Petersen*, 308 Or 616, 621, 784 P2d 437 (1989) (because statute listing mandatory contents of motor vehicle liability policy refers to statute stating minimum coverage requirements, every such policy must contain that coverage as a minimum)." *Collins v. Farmers Ins. Co.*, 312 Or 337, 340-41, 822 P2d 1146 (1991) (footnote omitted).

American Hardware urges that "ORS 806.080(2) specifically provides that financial responsibility requirements may be fulfilled by the policies of one or more insurance carriers which policies together meet such requirements." However, if we were to interpret ORS 806.080(2) as American Hardware asserts, a policy could lawfully issue that would be in violation of the FRL's requirement that *every* policy provide coverage in the amounts required by the

---

[7] The Uniform Motor Vehicle Safety Responsibility Act, Or Laws 1935, ch 434, was compiled as Oregon Code Annotated § 55-3001 to § 55-3038 (Supp 1935). The specific statute that was similar to ORS 806.080(2) was Oregon Code Annotated § 55-3018. In the years since its enactment there have many versions of that statutory language: OCLA § 115-418 (1940); OCLA § 115-418 (1943); Or Laws 1951, ch 342, § 68; ORS 486.485 (1953); ORS 486.566 (1955); and ORS 486.566 (1977); Or Laws 1983, ch 338, § 960 (*compiled as* ORS 806.080(2)).

statutes. ORS 806.080(2) does not by its terms permit an insurer to restrict the class of permissive users for which coverage is mandated, nor does it expressly create an *exception* to the coverage requirements of the FRL as does ORS 806.080(1).[8] *See also* ORS 742.454.[9] ORS 742.450(2)(a) requires that every policy issued for delivery in Oregon provides the *coverage* described in ORS 806.070 *and* ORS 806.080. When ORS 806.080(2) is read in context with ORS 806.080(1) and ORS 742.450(2)(a), (6) and (7), it is evident that the legislature knew how to write an exception to coverage into the FRL when it wanted to achieve that purpose. In light of the overriding purpose of the FRL to ensure that all motor vehicle accident victims are compensated for their injuries, we interpret ORS 806.080(2) to mean that it authorizes insurers *who have met the requirements of the FRL* to share responsibility with another insurer for its insureds' liability and insureds to satisfy the requirement of the FRL through more than one policy.

Because American Hardware's policy violates the FRL's requirement to provide minimum coverage to all permissive users of its insured's vehicles,[10] the policy must be construed to cover Zander. *State Farm Fire and Casualty Co. v. Jones*, 306 Or 415, 417-18, 759 P2d 271 (1988). Thus, to the extent that the definition of "Who Is An Insured" operates to

---

[8] That statute provides, in part:

"The policy must include in its coverage all persons who, with the consent of the named insured, use the motor vehicles insured under the policy, *except for any person specifically excluded from coverage under ORS 742.450.*" (Emphasis added.)

We note that the quoted language was added by the legislature in 1991, Or Laws 1991, ch 768, § 8. Because of this amendment, American Hardware's reliance on *Shell Oil Co. v. Employers Ins. of Wausau*, 69 Or App 179, 684 P2d 622 (1984), a case predating the amendment, for the proposition that ORS 806.080 does not mandate coverage for permissive users is misplaced.

[9] ORS 742.454 provides:

"The motor vehicle liability insurance policy required by ORS 806.010, 806.060, 806.080, 806.240 or 806.270 need not insure any liability under any workers' compensation law; nor any liability on account of bodily injury to or death of an employee of the insured while engaged in the employment, other than domestic, of the insured, or while engaged in the operation, maintenance or repair of a vehicle; nor any liability for damage to property owned by, rented to, in charge of, or transported by the insured."

[10] On this record, no statutory exception to coverage is evident.

deny coverage to Zander in the minimum amount required by the FRL, it is invalid. *Collins*, 312 Or at 343-47; *Mathews v. Federated Service Ins. Co.*, 122 Or App 124, 130-31, 857 P2d 852 (1993). We conclude that the trial court erred when it ruled that Zander was not an insured and that American Hardware's policy did not violate the FRL.

American Hardware argues that we should not get to the issue of whether its policy violates the FRL. It asserts:

> "Safeco is attempting to claim a protection under Oregon's Financial Responsibility Law in order to enforce a contribution claim. This clearly was not contemplated by the legislature as evidenced by a clear reading of the statute. When a controversy is between two insurers, the liability for a loss should be determined by the terms and provisions of the respective policies without regard the rights [that] injured third parties might assert under a compulsory insurance law."

However, the effect of the FRL is to reform insurance policies that do not meet its requirements. Once reformation occurs, the question becomes whether there exists on Safeco's behalf a contractual or equitable right to contribution or indemnity. This is not a case in which Safeco seeks to avail itself of a statutory remedy.

■       As a result of its ruling, the trial court did not reach the issue of how responsibility between the parties should be allocated in light of the other insurance provisions in the policies. On appeal, Safeco makes an argument under the doctrine of *Lamb-Weston et al v. Ore. Auto Ins. Co.*, 219 Or 110, 341 P2d 110, *on reh'g* 346 P2d 643 (1959), that is applicable to those issues. However, we have not had the benefit of American Hardware's argument on those issues because it has taken the position that Zander was not an insured. Also, whether Safeco may ultimately obtain contribution or indemnity may depend on whether Safeco has been assigned or subrogated to Zander's rights. Moreover, there appear to be issues of fact that could affect the amount of contribution or indemnity, if any, that could be ordered by the trial court, including whether Butler owned the vehicle Zander used. All of those issues are issues that should be decided initially by the trial court so that a complete declaration of the rights of

the parties can occur as requested by Safeco. Thus, we hold that the trial court erred in granting summary judgment to American Hardware, and, in light of our disposition, we remand the case to the trial court to decide the remaining issues.

Reversed and remanded for proceedings not inconsistent with this opinion.